# Biggert *against* Biggert.

A surviving husband is entitled, as administrator of his wife, to the proceeds of her share of her father's real estate, which had been sold and secured before her death, by order of the orphan's court.

WRIT OF ERROR to *Westmoreland* county.

James Holland and Elizabeth Biggert, administrators of John Biggert deceased, against James Biggert and William M'Ilhenney.

This was a writ of *scire facias* to November term 1834, by the defendants in error against the plaintiffs in error, for the purpose of showing cause why "the judgment recovered by the said James Holland and Elizabeth Biggert, administrators of John Biggert deceased, against the said James Biggert and William M'Ilhenney, as aforesaid, ought not to be revived and be continued a lien on their real

estate during another period of five years, according to the act of assembly, &c."

The original judgment was entered by the prothonotary, on a bond dated the 22d of August 1830, for the payment of 1200 dollars, "conditioned that the said James Biggert and William M'Ilhenney, their heirs, executors or administrators, shall and do well and truly pay unto the said Elizabeth Biggert, widow of John Biggert deceased, the interest on the sum of 690 dollars 33 cents, each and every year during her life, on the 1st day of April in each year, and shall well and truly pay unto the said James Holland, administrator of the said John Biggert deceased, the said sum of 690 dollars 33 cents, after the death of said Elizabeth, to be distributed according to law, &c."

Defendants pleaded *nul tiel* record and payment with leave, &c. Replication, *habetur tale recordum, non solverunt,* issue, special plea filed and general demurrer, by the plaintiffs.

The special plea, which contains the facts of the case, was as follows:

And the said defendants, by leave of the court first had, for further plea say that the said plaintiffs ought not to have or maintain their said writ of *scire facias* against the said defendants, because they say that John Biggert, named in said writ, on the 1st day of February in the year of our Lord 1822, at said county, died intestate, and the said plaintiffs were afterwards, on the 12th day of February in the year 1822, appointed the administrators of his estate; that the said decedent at the time of his death was seised in his demesne, as of fee, of and in a certain tract of land in Unity township in said county, containing one hundred and sixty-one acres and thirty-five perches, more or less, and that he left a widow, the said Elizabeth, and also issue, to wit, James Biggert, one of the defendants, and a daughter, Hannah, intermarried with William M'Ilhenney, and a daughter named Elizabeth, who was intermarried with James Holland, one of the plaintiffs.

That on the 2d day of March, in the year of our Lord 1825, an inquest was awarded by the orphan's court of said county to value and appraise said land, and make partition thereof to and amongst the heirs and representatives of said deceased, which said land was duly appraised; and it was so proceeded in by said court that the said lands were sold by said administrators to James Biggert, and on the 20th day of September 1830 conveyed to the said James Biggert by said administrators; and thereupon, to secure the payment of the interest on one-third of the purchase money to the said widow, during her lifetime, and the said one-third after her death to be distributed according to law, the said James Biggert and William M'Ilhenney executed the obligation on which said judgment was entered. (*Prout* the record and proceedings in said orphan's court, and said deed of conveyance, and said judgment; which said deed was in trust for both the defendants.)

And the said defendants say that they did, during the lifetime of said widow, well and truly pay to her the said interest on said one-

[Biggert v. Biggert.]

third, according to the condition of said bond; and the said defendants say that the said widow, after the entry of judgment and before the suing out said writ of *scire facias*, to wit, on the 19th day of February 1834, died. And that the said Elizabeth Holland, on the 8th day of July in the year of our Lord 1828, at said county, died intestate and without issue, no issue of said marriage having been born.

And the said defendants say that, on the 19th day of January 1830, at said county, full and equal partition of said lands was made between the said James Biggert, the said William M'Ilhenney and Hannah his wife, according to the respective interest of each in and to said lands and the moneys arising from said sale; whereby the benefit and advantage in the said moneys secured to be paid after the death of said widow became vested in the said James Biggert and the said William M'Ilhenney and Hannah his wife.

All which the said defendants are ready to verify, wherefore they pray judgment, &c.

The court below (White, President) rendered a judgment for the plaintiffs.

*Alexander*, for plaintiff in error, cited, 3 *Binn.* 135; 8 *Serg. & Rawle* 25; 1 *Rawle* 293; 4 *Watts* 37; 3 *Whart.* 444; 2 *Yeates* 261; 5 *Watts* 113, 206; 4 *Rawle* 77; 6 *Serg. & Rawle* 267; 8 *Serg. & Rawle* 167; 5 *Rawle* 160; *Co. Litt.* 351; 1 *Bac. Ab.* 480; 1 *Ashm.* 323.

*Coulter*, for defendant in error, cited, 6 *Johns. Rep.* 116.

PER CURIAM.—It was held in Ferree *v.* The Commonwealth, 8 *Serg. & Rawle* 314, that the wife's real estate is not converted into personalty by a bare order to sell before her death; but here there was an actual sale, and security for the purchase money, and the surviving husband is consequently entitled to it as her administrator.

Judgment affirmed.