# Brennan's Estate.

*Orphans' court sales—Sales—Real estate—Personalty—Conversion.*

Orphans' court sales are not absolute and unconditional.  They depend for their validity upon the approval and confirmation of the court. They are liable to be vacated by a power superior to the purchaser and against his will.  The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered.  Until then, no conversion takes place.

Real estate was sold at an orphans' court sale for a large sum of money, and the purchaser paid a small sum at the sale.  After the sale had been confirmed, but before a deed had been made, the purchaser died leaving an estate consisting wholly of personalty, and barely sufficient to complete the purchase of the real estate.  To relieve his estate of the embarrassment, his executors secured another to stand in his stead as purchaser, and with the consent of the parties interested in the real estate, obtained from the court an order amending the return by substituting the new party as purchaser in place of decedent.  In the distribution of the latter's estate, which followed, the estate was treated as personalty, and the widow who had elected to take against the will, was awarded her share absolutely.  *Held,* that the distribution was proper, inasmuch as the orphans' court sale did not work a conversion of the personal estate into real estate.

Argued Jan. 13, 1908.    Appeal, No. 168, Jan. T., 1907, by James A. Brennan, from decree of O. C. Phila. Co., Oct. T.,

1904, No. 629, dismissing exceptions to adjudication in Estate of James A. Brennan, deceased.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Exceptions to the adjudication of PENROSE, J.
The facts are stated in the opinion of the Supreme Court.
Exceptions to the adjudication were dismissed in an opinion by ASHMAN, J.

*Error assigned* was decree dismissing the exceptions.

*Fred J. Knaus*, with him *Henry H. Farley* and *Edward P. Gallagher*, for appellant.—The appellant contends that the effect of the purchase was to make the vendors trustees for the decedent as to the realty, and the decedent trustee for the vendors for the purchase money : Kerr v. Day, 14 Pa. 112; In re Drenkle's Estate, Rangler's Appeal, 3 Pa. 377; Longwell v. Bently, 23 Pa. 99; McClure v. Fairfield, 153 Pa. 411; Green v. Smith, 1 Atkyns, 572; Longwell v. Bently, 23 Pa. 99; Hudson v. Cook, Law. Rep. 13 Eq. Cases, 417.

No printed brief filed nor oral argument offered for appellee.

OPINION BY MR. JUSTICE STEWART, March 2, 1908 :
James P. Brennan, whose estate was distributed in this proceeding, shortly before his death purchased at an orphans' court sale certain real estate in Philadelphia at the price of $55,000.   He paid on the purchase $500, and on return being made to the order, the sale was duly confirmed by the court. Within three weeks thereafter, and before anything further had been paid, Brennan died, leaving an estate consisting wholly of personalty and barely sufficient to complete his purchase had the whole of it been so applied.   To relieve his estate of an embarrassment sure to result were it attempted to complete the purchase of the real estate, his executors secured another to stand in his stead as purchaser, and with the assent and approval of the executors through whom the sale had been made, obtained from the court an order amending the return by substituting this new party as purchaser in place of Brennan.

In the distribution of Brennan's estate which followed, the estate was treated as personalty, and the widow, who had elected to take against the will, was awarded her share absolutely. This is complained of as error on the ground that the purchase by Brennan at the orphans' court sale worked a conversion, and that so much of his estate as was required to complete the purchase descended as realty. The argument wholly overlooks the clear distinction between private executory contracts of sale and orphans' court sales. The cases cited by appellant in support of his contention are simply so many authorities for the application of the rule of equitable conversion to private contracts, about which there can be no dispute; not one of them affords a suggestion that the rule is ever applicable to orphans' court sales. The question here sought to be raised is no longer an open or disputable one. It was considered in Erb v. Erb, 9 W. & S. 147, and it is there said: "Notwithstanding the sale had been confirmed by the orphans' court, still it was liable to be defeated from more causes than one. Had the purchaser proved wholly unable to pay the purchase money, it will not be pretended, I apprehend, that all that was done towards effecting a sale of the estate could have had the least influence whatever in converting it into personalty. It is material to observe that the contract for the sale was made under the authority and operation of law; and, therefore, without being consummated and carried into full execution, ought not to be considered as changing the primitive character of the estate. Nothing will be considered as if done, in such case, until it is actually accomplished; for, if it were to be so considered, it might, in some instances at least, operate to the prejudice of those interested in the estate. The law, therefore, when it directs the sale of an estate, will take all possible care that the rights of those concerned in it shall not be prejudiced thereby more than can be avoided. It bears no resemblance to the case where by deed or devise it has been agreed or ordered that land shall be converted into money, or money invested in land. There the governing principle is, that what ought to have been done, or is even ordered to be done, shall be considered as if done; because it was the will of the owner of the estate that it shall be so." Again, in Biggert's Estate, 20 Pa. 17, it is said: "A

conversion of real into personal estate, by act of the law, differs from a conversion by act of the party.   In the latter case, where conversion is the object of the owner, the result is produced as soon as a contract of sale is made.   In the former, where payment of debts, or partition, and not conversion, is the object, the transmutation is but an unavoidable result of the proceeding, and takes place only when the estate is completely vested in the vendee and the purchase money paid or secured."   In Demmy's Appeal, 43 Pa. 155, the question was very fully considered, and Mr. Justice Strong in the opinion delivered points out very clearly the distinction between private executory sales and orphans' court sales in this connection, and vindicates the earlier rulings of the court.   We quote but a single passage from the opinion: " Such sales (the reference being to orphans' court sales) are not absolute and unconditional.   They depend for their validity upon the approval and confirmation of the court.   They are liable to be vacated by a power superior to the purchaser and against his will.   The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. . . . Until then, no conversion takes place, and if the heir to the decedent die, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money."   The above authorities are conclusive.   Further comment is unnecessary.

The decree is affirmed, and the appeal is dismissed at the costs of appellant.