## Morris, Appellant, *v.* Fahey.

*Orphans' Court sale—Sales—Confirmation—Passing of title.*

The confirmation by the Orphans' Court of the sale of real estate made by an executor in pursuance of his authority, is not complete until the purchase-money be paid, and a deed delivered. A sale and confirmation alone does not divest the title of the heir. If after the confirmation of the sale, but before the purchase-money is paid and a deed delivered, and while the executor is still in possession, a tree on the land, admittedly in bad condition, breaks, and in its fall, injures another person's building, the purchaser of the land is not liable in damages for the injuries to such building.

Argued Nov. 21, 1916.   Appeal, No. 241, Oct. T., 1916, by plaintiff, from order of C. P. Chester Co., April T., 1916, No. 33, refusing to take off nonsuit in case of M. F. Morris v. Michael J. Fahey.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for injuries to a blacksmith shop resulting from the fall of a willow tree standing on land contiguous to the plaintiff's land, and alleged to be owned by the defendant.   Before BUTLER, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*George B. Johnson,* for appellant.—From the date of the confirmation of the sale, the purchaser acquires an inceptive or equitable interest in this land, subject to his payment of the purchase-money to which the legal title subsequently attaches as of that date, with all the other rights and liabilities incident to ownership: McCurdy v. Potts, 2 Dallas 97; Bechtel v. Rhoads, 3 S. & R. 332; Miller v. Zufall, 113 Pa. 317; Morgan v. Scott, 26 Pa. 51; Peoples St. Ry. Co. v. Spencer, 156 Pa. 85.

A judgment against the equitable estate which a vendee holds under articles of agreement for the sale and purchase of lands, attaches to, and binds the legal estate, the instant it vests in the vendee: Lynch v. Dearth, 2 P. & W. 101; Episcopal Academy v. Frieze, 2 Watts 16; Foster's App., 3 Pa. 79; Lyon v. McGuffey, 4 Pa. 126; Waters' App., 35 Pa. 523.

*J. Paul MacElree,* for appellee, cited: Behrens v. Mountz, 37 Pa. Superior Ct. 326; Demmy's App., 43 Pa. 155; Brennan's Est., 220 Pa. 232; Dunlap's App., 182 Pa. 267; Greenough v. Small, 137 Pa. 132; Frick Coke Co. v. Laughead, 203 Pa. 171.

OPINION BY KEPHART, J., March 9, 1917:

The defendant, at an Orphans' Court sale on April 23, 1915, bought, subject to a mortgage, certain property of which Sarah E. McKenna died seized. The sale was promptly confirmed and the defendant paid the mortgage debt. He directed the mortgagee, however, not to satisfy the mortgage as he was uncertain as to completing the sale, and if he did not, he would want an assignment

of the mortgage. The executor permitted matters to remain in this condition until November, when a willow tree, admittedly in bad condition, broke and fell across the plaintiff's blacksmith shop, damaging the building and contents. From the day of sale until the day of the accident and afterwards, Sarah E. McKenna's executor was in possession of the property, receiving the rents and otherwise exercising acts of ownership. The plaintiff claims that the purchaser had such an inceptive or equitable title from the day of sale was confirmed as to make him liable for the trespass.

In Behrens v. Mountz, 37 Pa. Superior Ct. 326, where the defendant bought real estate at an Orphans' Court sale and after confirmation ousted the heirs from possession, afterwards paying the purchase-money and receiving a deed, our Brother PORTER said that in ousting the heirs defendant committed a trespass "though no doubt he thereupon was entitled to possession and his title for some purposes at least related back to the confirmation......The title and right of possession was at the time of eviction in the plaintiffs and not in the defendant......because the defendant had no right to possession......It is well settled that an Orphans' Court sale does not divest the title of the heirs until after the confirmation thereof and conveyance delivered under the order of the court. The confirmation by the Orphans' Court of a sale of real estate by an executor made in pursuance of his authority, is not complete until the purchase-money be paid and a deed delivered. A sale and confirmation alone does not divest the title of the heir. The defendant did not acquire title to the land until the day when he paid the balance of the purchase-money and received his deed." In Brennan's Est., 220 Pa. 232-235: " 'Such sales (the reference being to Orphans' Court sales) are not absolute and unconditional. They depend for their validity upon the approval and confirmation of the court. They are liable to be vacated by a power superior to the purchaser and against his will. The sale,

even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered......
Until then, no conversion takes place, and if the heir to the decedent die, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money': Demmy's App., 43 Pa. 155." As the learned court below says: "Conceding that on the payment of the purchase-money and becoming the owner of the property, the defendant's title relates back, it is nevertheless the fact that before and when the willow fell he did not own the property, had no right to enter, and could not lawfully have removed the tree." Frick Coke Co. v. Laughead, 203 Pa. 171, relied on by the appellant, does not meet the question here presented and the authorities which apply the rule of equitable conversion to private contract are not in point. Notwithstanding the exhaustive brief presented by the learned counsel for the appellant, the cases here referred to are decisive of the question.

The judgment is affirmed.