## Roth Appeal.

146

Argued April 22, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William B. Washabaugh, Jr.,* for appellants.

*Byron A. Baur,* Assistant Solicitor, with him *J. B. Held,* County Solicitor, *Edward M. Murphy,* City Solicitor, *Henry R. Jeffs,* Assistant Solicitor, *William J. Carney,* Solicitor for School District of City of Erie, *Brooks, Curtze & Silin, William W. Knox* and *Francis T. Nagorski,* for appellees.

OPINION BY RHODES, J., June 26, 1946:

These appeals involve the extent, under the Act of July 28, 1941, P. L. 535, 72 PS § 6105.1 et seq., of the right of redemption of real property purchased by a political subdivision (county) at a tax sale.

Properties of the appellants were sold in 1937 at a county treasurer's sale for nonpayment of taxes, and

were purchased by the County Commissioners of Erie County. In 1945 written offers were made to the county commissioners to purchase the respective properties at private sale. The commissioners, in regular meeting, by resolution accepted the offers.[1] Petitions were presented to the court of common pleas by the county commissioners asking approval of the proposed private sales under the Act of May 21, 1937, P. L. 787, as amended by the Acts of July 29, 1941, P. L. 600, May 21, 1943, P. L. 282, May 16, 1945, P. L. 603, May 17, 1945, P. L. 627, 72 PS § 5878c et seq.

Appellants, prior to any action by the court on the petitions for approval of the private sales, petitioned to redeem under the provisions of the Act of July 28, 1941, P. L. 535, 72 PS § 6105.1 et seq., and tendered as the first installment 20 per cent of the amount of all taxes and municipal claims and penalties and interest accrued and charged against the respective properties, together with the costs incident to the treasurer's tax sale, as provided by the said act. Appellants were not permitted to exercise their alleged redemption rights, and the petitions to make private sale of the properties were approved and decrees were entered. These appeals have followed.

The court below, in approving the sales and directing the execution and delivery of deeds to the respective purchasers, held that the right of redemption by the former owners could only be exercised prior to the time when the county commissioners had contracted to sell the respective properties.[2] The court recognized that the

---

[1] The sufficiency of the offers and acceptances to meet the requirement that contracts for the sale of land must be in writing has not been raised and is not decided.

[2] Other lower court decisions involving the same question are conflicting.

In *Redemption of Faust Land*, 52 Pa. D. & C. 70, Judge GRIFFITH, in construing the Act of 1941, P. L. 535, 72 PS § 6105.1 et seq., with the Act of 1937, as amended, 72 PS § 5878a et seq., held that the Act of 1941 gave the former owner an absolute right of redemption

right of redemption extended beyond the statutory period under the circumstances, but was of the opinion that after the offers by the purchasers and the acceptance by the commissioners the transactions were closed and there could be no rescission. The statutory requirement of approval by the court, and its relationship to the passing of title were not considered.

Section 1 of the Act of July 28, 1941, P. L. 535, 72 PS § 6105.1, reads as follows: "In all cases where heretofore or hereafter real property shall have been or shall be purchased at any tax sale by any political subdivision, any person who was or is entitled under existing law to redeem such property shall have such right of redemption so long as the title thereto remains in said political subdivision upon the payment of the amount due thereon by installments in the manner hereinafter provided, whether or not the period during which the right of redemption existed shall have expired."

Obviously, under the Act of 1941, the right of redemption has been substantially expanded. By this act a former owner of real estate acquired by the county at a sale for delinquent taxes is given an absolute right of redemption as long as the title remains in the county, although the period of redemption fixed by prior legislation has already expired.[3] *Blythe Township School Dis-*

until the county parted with title, and that such owner might at any time until the final passage of title to a purchaser from the county redeem the land and thereby prevent the county commissioners from fulfilling their bargain with such purchaser.

In *Petition of County Commissioners* (Indiana County), 55 Pa. D. & C., No. 8, June 10, 1946, 113a, Judge CREPS held that, under the Act of 1941, one entitled to redeem may do so at any time prior to, but not after, the making of a bona fide contract by the municipality for the sale of real estate purchased at tax sale.

[3] Act of July 8, 1885, P. L. 268, § 3, as amended by Act of May 9, 1889, P. L. 141, § 1, 72 PS § 6113 (seated land). See, also, Act of May 29, 1931, P. L. 280, § § 9, 15, 16, as amended, 72 PS § § 5971i, 5971o, 5971p. Section 17 of the Act of May 29, 1931, P. L. 280, as amended, 72 PS § 5971q, provides that any owner of property sold at public sale by the county commissioners, as provided therein, may,

*trict v. Mary-D Coal Mining Co., Inc.,* 354 Pa. 407, 47 A. 2d 535.

Section 4 of the Act of May 21, 1937, P. L. 787, as amended, 72 PS § 5878d, provides: "If, after such hearing, the court is satisfied that the proposed compromise or private sale is proper and to the advantage of all the municipalities interested, it shall enter a decree approving such compromise, settlement, private sale or such other settlement as the court may find to be proper, and directing a conveyance of such property to the person or persons with whom the agreement has been made, upon the payment of the agreement amount or such amount as the court may approve, and all costs of the proceeding."

After the fixed period for redemption has passed, provision is made for private sale in section 2 of the Act of 1937, as amended, 72 PS § 5878b. This section reads: "After the period for redemption has passed, such municipality may sell at private sale any real property purchased at tax sale or sale for municipal claim, and may, in effecting such sale, accept any sum less than the amount of all the taxes, municipal claims, penalties, and interest due, subject to the approval of the court of common pleas, upon petition, as hereinafter provided." Such sales are statutory; and they are "subject to the approval of the court of common pleas, upon petition . . ." A petition and a decree are prerequisites to consummation of the sale and the transfer of title, although such petition may be presented by "any municipality or municipalities [any taxing authority] having an interest therein, or by the other party concerned . . ." Section 3 of the Act of 1937, as amended, 72 PS § 5878c. In *Lackawanna County Appeal,* 157 Pa. Superior Ct.

---

within ten days after the date of the said sale, redeem the property so sold. The Act of July 17, 1935, P. L. 1091, 72 PS § 5879 et seq., provides that where real estate shall have been purchased at tax sale by a county, the county commissioners may in their discretion permit a redemption thereof, or part thereof, so long as the title thereto remains in the county.

137, 141, 42 A. 2d 103, we said of a sale under the Act of 1937, supra, that it. is the power of the court which gives validity to the sale.

Appellees in their argument contend that the rule of equitable conversion applies, and that the equitable title of the purchasers came into being upon the acceptance by the county commissioners of the offers made. Appellees follow this by the assertion that the commissioners had parted with the ownership of the properties and simply retained the bare legal title as security for the balance of the purchase price due from the respective purchasers. The cases cited relative to private executory contracts of sale where the rule of equitable conversion has been applied are not relevant. The present transactions are more analogous to orphans' court sales. Here, as there, no conversion takes place until deed has been executed and delivered. See *Brennan's Estate*, 220 Pa. 232, 69 A. 678; *Powers Estate*, 153 Pa. Superior Ct. 161, 165, 33 A. 2d 501. Appellees also cite as applicable those cases which hold that a mortgagor's right of redemption, if there is no defect in the record, cannot be exercised after the sheriff's sale. The exercise of a mortgagor's right of redemption is not regulated by statute; and the position of a purchaser at a sheriff's sale is, in substance, that of a purchaser by articles of agreement, who acquires an equitable interest which becomes a complete title on complying with the terms of sale. *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Broad Street Hospital*, 354 Pa. 123, 47 A. 2d 281.[4] But in the present case the right of the former owners to redeem is regulated by statute, and the prospective purchasers at private sale from the county commissioners are not in the same category as such purchasers by articles of agreement. A public sale under the Act of May 29, 1931, P. L. 280, as amended, 72 PS § 5971q, of real property by the county commissioners previously purchased at tax sale *is more com-*

---

[4] This case reviews the reported cases on the subject of a mortgagor's right of redemption.

parable to a sheriff's sale, but even there "any owner of the property so sold may, within ten days after the date of the said sale, redeem the property so sold upon payment of the bid price and the costs of sale, and a penalty of ten per centum (10%) of the bid price, which penalty shall be distributed as a part of the proceeds of the sale." 72 PS § 5971q.

The agreements between the offerers and the county commissioners were conditional not absolute. Section 4 of the Act of 1937, as amended, 72 PS § 5878d, specifies the conditions for the passing of title. It provides that the court, if it so decides, shall enter a decree approving the private sale, and that the decree shall direct a conveyance of the property to the person or persons with whom the agreement has been made, upon the payment of the agreed amount or such amount as the court may approve. Consequently, title to the property remains in the county until, as the court has directed, the consideration has been paid and the conveyance made. This is especially true as the county holds title to the property as trustee for the benefit of the several taxing authorities (*Andrews Land Corporation's Appeal*, 149 Pa. Superior Ct. 212, 27 A. 2d 700; *Erie Appeal*, 159 Pa. Superior Ct. 18, 46 A. 2d 592; *Zerbe Township School District et al. v. Thomas et al.*, 353 Pa. 162, 44 A. 2d 566); and the incompleteness of the transactions between the offerers and the county commissioners is further indicated by the fact that any municipality or taxing authority, besides the county, having an interest in the property, or the offerers, could have presented the necessary petitions for approval of the sales by the court of common pleas.

There seems to be little room for argument that appellants' redemption rights under the Act of 1941, P. L. 535, 72 PS § 6105.1 et seq., were not terminated by the acceptance by the county commissioners of offers for the purchase of the properties, owned by appellants before the tax sale, at private sale under the Act of 1937, P. L. 787, as amended, 72 PS § 5878a et seq.

If effect is to be given to the offer and acceptance, as the court below held and as appellees contend, approval by the court in the manner set forth in the act would have little, if any, significance, and be virtually superfluous. But the action of the court is not ministerial. See *Imperial Cardiff Coal Company Appeal,* 156 Pa. Superior Ct. 301, 305, 40 A. 2d 163. The consummation of the sale is under the court's direction and supervision, and the sale is to be carried out in the manner directed in its decree. Title remains in the county until there has been a complete compliance with such decree. Until the county has thus been divested of its title, appellants, the former owners of the properties in question, had an absolute right of redemption.

It may be, as the court below has stated and as appellees argue, that a hardship is imposed upon the municipal subdivisions which have purchased properties at tax sale, and that they face a grave problem in trying to act for the best interests of the taxing authorities if they are obliged to accept such redemption payments under the Act of 1941, P. L. 535. There may be considerable merit in this assertion, but the correction of this condition must be made by the legislature and not by the courts. Our courts have always liberally construed the privilege of redemption under the various acts regulating tax sales. *Philadelphia v. Schaefer et al.,* 269 Pa. 550, 552, 112 A. 864. And where, as here, the act is clear and free from ambiguity we will not pursue a course which would curtail that privilege. *Farmers-Kissinger Market House Co., Inc., v. Reading et al.,* 310 Pa. 493, 498, 165 A. 398.

The orders of the court below are reversed, and deeds made in pursuance thereof are directed to be canceled; the records are remitted with direction that the County Commissioners of Erie County accept appellants' offers of redemption upon compliance with the Act of July 28, 1941, P. L. 535, 72 PS § 6105.1 et seq. Costs are to be paid by appellees.