## Zerbe Township School District et al. v. West Line Coal Company et al.

*Richard Henry Klein,* for complainants.
*C. C. Lark* and *D. W. Kearney,* for respondents.

PER CURIAM, May 13, 1947.—It appears from the record that Edward J. O'Rourke did, on October 30, 1946, file his first account in this court as receiver.

Exceptions were filed to this account by the West Line Coal Company and argument on same was duly had before the court en banc on February 8, 1947.

In passing on these exceptions to the receiver's account, we note that under the provisions of the Act of May 9, 1889, P. L. 14, the so-called primary period for redeeming these lands was fixed at two years from the date of said tax sale, and although the Act of July 28, 1941, P. L. 535, permits a former owner to redeem at any time while the title to said lands remains in the county commissioners, nevertheless, we are of the opinion that under the principle laid down by the Supreme Court of Pennsylvania, in Hunter v. McKlveen et al., 353 Pa. 357, at the treasurer's sale for taxes on January 25, 1945, the title to this land passed conditionally to the County of Northumberland until it was actually redeemed by payment in full of all taxes, liens and current taxes by West Line Coal Company, any royalties or income arising from the mining of coal on this tract by the receiver rightfully belongs to the County of Northumberland for the benefit of the several taxing authorities for whose benefit he held these lands in trust. In the case of Hunter v.

McKlveen, supra, it appears that the Pennsylvania Turnpike Commission condemned a portion of the land formerly owned by one Blair and purchased by the commissioners of that county at treasurer's tax sale, and that the amount of condemnation money paid by the Turnpike Commission to the county was paid before Blair attempted to redeem the same, after the two-year statutory period had expired. The Supreme Court said, in passing on the question of who was the rightful owner of the money received from the Turnpike Commission (p. 362):

"The money received for the lands from the Turnpike Commission was therefore the property of Westmoreland County, from which source the title to the Turnpike Commission was directly derived. The Blairs [former owners], lost all interest in the lands when they did not redeem within the statutory period, and for the same reason they never had any claim or right to the condemnation money.

"The owner of the land at the time of the condemnation is the person entitled to the resulting damages."

In the recent decision, in Roth Appeal, 159 Pa. Superior Ct. 145, 151, the Superior Court, referring to the legal status of the title to certain lands bought at treasurer's tax sale by the County of Erie, said:

"Consequently, title to the property remains in the county until, as the court has directed, the consideration has been paid and the conveyance made. This is especially true as the county holds title to the property as trustee for the benefit of the several taxing authorities."

And, at page 152, it again declares this principle, when it said:

"Title remains in the county until there has been a complete compliance with such decree."

In the light of these authorities, we conclude that title having passed to the County of Northumberland to the lands in question at the tax sale on January 25,

1945, and the two-year statutory period for redemption having expired on January 25, 1947, and the said defendant, West Line Coal Company, not having redeemed at that time, therefore, any royalties derived from the mining of coal on these lands by the receiver belonged to the County of Northumberland as trustee for the benefit of the various taxing authorities, until such time as said defendant, West Line Coal Company, has made a full and complete redemption by paying all the taxes and liens in full.

We are of the opinion that the payment of the first annual installment of accrued taxes, liens, costs, etc., provided for in said Act of July 28, 1941, supra, is not a complete legal redemption of the lands. It is simply a beginning or an intention to redeem, which is not consummated until all of the taxes and other costs and liens accrued are fully paid, and it cannot, by magic of words, lawfully be assumed that a partial redemption is a complete redemption.

In view of this conclusion, we are of the opinion that the royalties received by the receiver, appointed by this court, that were derived from coal mined on this tract from the time he was appointed, September 14, 1945, until September 6, 1946, when the court directed him to cease mining operations, are the property of Northumberland County, and are to be held by the county commissioners for the benefit of the taxing districts entitled to the same. It will be noted from the adjudication and decree filed by the chancellor in this matter on September 6, 1946, that the chancellor stated that under the provisions of the Act of July 28, 1941, supra, said defendant was thereby given possession of said lands by reason of the payment of the first of the five-year installments, and the chancellor is of the opinion that it would be incompatible for both defendant, West Line Coal Company, and the receiver, O'Rourke, to remain in possession of said lands, and the chancellor therefore concluded that the

receiver should cease further mining operations on said land of defendants and withdraw from the same.

In making this order as to the receiver, the chancellor further added:

"In passing on this question, we are mindful of the order made in this case by the Supreme Court of Pennsylvania on October 1, 1945, to wit: 'That all injunctions or appointments of Receivers heretofore entered or made by the court below are to remain undisturbed until further order of this court.'"

However, it will be noted from the language of this order that it does not state that the chancellor may not direct that the receiver withdraw from mining operations on certain of the lands described in the plaintiffs' original bill in equity, if it appears to the court there may be good reason to so direct.

As to the exceptions filed by said West Line Coal Company to those items in the receiver's account which are stated to have been expended for hiring stationary engineering services and the services of a watchman at the coal mines, we answer that in the appointment of the said receiver the court specifically directed him to manage and conduct mining operations on these lands, and this power necessarily carries with it the right and duty to employ such persons as he deems necessary and reasonable to carry out the powers of his appointment, and are expenses incident to the receivership.

Defendant also excepted to the commissions paid on royalties to the receiver and fees to his legal counsel. These two items have, since the date of the argument had on the exceptions, been passed upon by this court, and are a matter of record; the court in the order allowing the commissions and legal fees cited its authority for so doing.

We find no merit to the exceptions filed by West Line Coal Company to the first account of the receiver and make the following

*Order*

And now, to wit, May 13, 1947, after due consideration, the exceptions filed by West Line Coal Company to the first account of the receiver are dismissed.

---

NOTE.—See Zerbe Township School District v. Lark et al., 59 D. & C. 424.