Delaware County Mortgage & Finance Co., Inc., Appellant, *v.* Delaware County Board of Commissioners.

144

Argued October 4, 1950. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent).

*George E. Kearns, Jr.,* with him *George H. Class* and *Lindenmuth & Class,* for appellant.

*Edward H. P. Fronefield,* County Solicitor, for appellee.

OPINION BY RHODES, P. J., January 12, 1951:

These two appeals involve the right of an owner to redeem land acquired by a county for unpaid taxes where the county commissioners sold such property at public sale, without an order of court, under section 17 of the Act of May 29, 1931, P. L. 280, as last amended by the Act of May 24, 1945, P. L. 945, §2, 72 PS §5971q.

The appeals concern two properties: the one at 204 Jeffrey Street, Chester, Delaware County, assessed to Homer and Henrietta Holland, and the other at 1227 Central Avenue, Chester, Delaware County, assessed to John and Mary Breakley. The facts material to each

appeal are identical, and we shall dispose of both appeals in this opinion.

The Holland property was exposed to sale by the County Treasurer of Delaware County on May 8, 1947, for delinquent taxes for 1943, and purchased by the County Commissioners of Delaware County in their official capacity, in the absence of bidders, on the same day. In like manner the Breakley property was purchased by the Commissioners on April 29, 1943, at county treasurer's sale for delinquent county taxes for the year 1937. The owners did not redeem within the two year period, and, after due advertisement, the Commissioners, on April 19, 1950, exposed each property to public sale under the provisions of section 17 of the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971q.[1] They did not fix an upset price for the respective properties to be exposed to public sale. The tax sale clerk sent notice by registered mail to the owners of each property advising them of the scheduled public sale, although there is no provision in the Act requiring such notice of a sale by the County Commissioners. Cf. *Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745. At such sale, held on April 19, 1950, the Delaware County Mortgage and Finance Company, Inc., appellant, bid $715.44 for the Holland property, and $539.22 for the Breakley property. These bids were the highest made at the sale for each property. The amounts were accepted by the Commissioners and paid to them by appellant. On April 26, 1950, appellant tendered deeds to the Commissioners for the two properties, but the Commissioners refused to execute such deeds. On the following day, April 27, 1950, appellant filed separate mandamus actions to compel the Com-

---

[1] The Commissioners of Delaware County elected not to proceed under the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101 et seq., as permitted by section 1 of that Act.

missioners to execute to it deeds for the respective properties. On April 28, 1950, or within ten days after the sale, the attorney for the Hollands paid $780.94 to the Commissioners, being the amount necessary to redeem if such right existed. On April 29, 1950, or the tenth day after the sale, the attorney for the Breakleys paid $587.22 for the purpose of redemption. The court below proceeded with the mandamus actions. Preliminary objections had been filed by the Commissioners to which the present appellant filed its answers. Subsequently the pleadings were amended by permission of the court and the facts were stipulated.

After argument before the court in banc the court below held that, under section 17 of the Act of 1931, P. L. 280, as amended, 72 PS §5971q, the owners had ten days after the date of sale to redeem; and it entered judgment in favor of the County of Delaware but ordered the Commissioners to issue certificates of redemption to the former owners upon the payment of the costs of the proceedings.

Under section 17 of the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971q, county commissioners are authorized to sell property purchased[2] by them at tax sales (1) at public sale, with or without an upset price, and (2) when an upset price is fixed and nót bid the commissioners may postpone the sale and file their petition in the court of common pleas for an order that the property be sold at a subsequent day clear of all mortgages, municipal claims, and ground rents. When a sale is thus ordered by the court "The purchaser at such sale, shall take and forever thereafter have, an absolute title to the property sold, free and discharged of all tax and municipal claims, liens, mortgages, charges and estates of whatsoever kind:"

---

[2] See section 10 of the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971j.

Then follows the proviso in this section with which we are concerned giving the owners, within ten days after the date of sale, the privilege of redemption. This proviso reads: "Provided, however, That any owner of the property so sold may, within ten days after the date of the said sale, redeem the property so sold upon payment of the bid price and the costs of sale, and a penalty of ten per centum (10%) of the bid price, which penalty shall be distributed as a part of the proceeds of the sale."

We are of the opinion that this proviso in section 17, giving "any owner of the property so sold" the right to redeem "within ten days after the date of the said sale," applies equally to all public sales by county commissioners as authorized in this section. We find no reason for construing the word "sale" in the proviso otherwise. On the contrary, there are many reasons why the ten-day redemption period should apply generally. There is less likelihood of an owner's right of redemption being lost by default in a public sale ordered by the court than in a public sale by the county commissioners without a court order. In the court ordered sale all parties interested are given notice; in the sale without order of court the Act does not provide for any notice by the commissioners except by advertisement. Obviously the right of redemption is not waived by receipt of notice of sale. Under the former, where the purchaser takes the property free and discharged of all tax and municipal claims, liens, mortgages, charges and estates of whatsoever kind, advantages might accrue to the owner which he would not have under the latter if he had no equal right of redemption. If there is any question as to the legislative intent, we should liberally construe the right of redemption as provided in section 17, as the privilege of redemption has always been so construed in Pennsylvania under the various Acts regulating tax sales.

*Roth Appeal,* 159 Pa. Superior Ct. 145, 152, 47 A. 2d
716; *Levick v. North Versailles Township,* 360 Pa. 510,
514, 62 A. 2d 758.

We are not unmindful of appellant's argument to
the effect that the legislative history of section 17
gives support to its contention that the proviso should
be strictly construed and confined to what immediately
precedes it; but, as we view it, the section when con-
sidered in its entirety clearly indicates the legislative
intent to have the right of redemption apply to a pub-
lic sale by county commissioners without a court order
as well as to a public sale by them after court order
under this section of the Act. See section 73 of the
Act of May 28, 1937, P. L. 1019, 46 PS §573. The con-
struction for which appellant argues would produce an
unjustifiable and discriminatory result. See sections 52
(1) and 58 of the Act of May 28, 1937, P. L. 1019, 46
PS §552 (1) and §558. In section 17 the paragraph fol-
lowing the proviso reads as follows: "After such sale,
the county commissioners shall make and deliver a
deed, being acknowledged before an officer authorized
to acknowledge deeds. Where the sale is made without
securing an order of court, as aforesaid, such deed
shall pass such title as the county commissioners have
a right to convey, but where the sale is made after se-
curing an order, as aforesaid, such deed shall pass
title free, clear and discharged of all tax and munici-
pal claims, liens, mortgages, charges and estates of
whatsoever kind." This indicates, as the court below
points out, that the legislature did not intend to dif-
ferentiate between a public sale without court order
and a public sale with court order, after fixing upset
price, except with reference to the kind of a title the
county commissioners convey by deed to the buyer.

Although the point was not before us, our
reference to the redemption provision of section
17 of the Act of May 29, 1931, P. L. 280, as amended,

72 PS §5971q, in *Roth Appeal,* supra, 159 Pa. Superior Ct. 145, 150, 47 A. 2d 716, is consistent with an interpretation that such proviso is applicable generally to public sales under section 17. Also in *Superior Mining Company Property Tax Sale,* 359 Pa. 357, 361, 59 A. 2d 301, 302, Mr. Justice ALLEN M. STEARNE, in reviewing section 17 of the Act of 1931, as amended, 72 PS §5971q, said: "The Acts provide that where a county has purchased property because of the failure of the owner to pay taxes, the county may, after the period of redemption, expose the property to public sale after due advertising. The Acts also provide for the fixing of an 'upset' price sufficient to pay costs, expenses, tax claims, etc. The Acts further provide that if at such sale the upset price is not bid, the Commissioners may postpone the sale and petition the court of common pleas to grant a rule on all interested parties to show cause why a decree should not be made that the property be sold freed and cleared of all claims." It was thereafter pointed out, page 362 of 359 Pa., page 302 of 59 A. 2d, that: "The only provision in the statute whereby the sale may be set aside is the one giving the owner the right to redeem within ten days after the date of the sale and where fraud is established."[3] The statement of the Supreme Court is consistent with the interpretation we have given the redemption provision of section 17. Our conclusion follows the rule that a word or phrase when used in one place will ordinarily be construed to mean the same elsewhere in the same section of the Act. *Com. v. Stingel,* 156 Pa. Superior Ct. 359, 362, 40 A. 2d 140; *Bonomo Unemployment*

---

[3] A commissioners' official public sale, like a sheriff's sale, becomes final when the hammer falls, but this is subject to the statutory provision in the Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971q, authorizing redemption, whereby the sale may be set aside. *Superior Mining Company Property Tax Sale,* 359 Pa. 357, 362, 59 A. 2d 301.

*Compensation Case,* 161 Pa. Superior Ct. 622, 628, 56 A. 2d 288.

The judgments and orders in the respective appeals are affirmed.