## Delaware County Mortgage and Finance Co., Inc., v. Delaware County Board of Commissioners

*George E. Kerns, Jr.*, for plaintiff.

*Paul C. VanDyke* and *James A. Cochrane*, for John Breakley and Mary Breakley.

*Edward H. P. Fronefield*, for defendant.

TOAL, J., October 25, 1951.—The Delaware County Mortgage and Finance Company, Inc., purchased certain real property owned by John Breakley and Mary Breakley at a tax sale held by the Delaware County Board of Commissioners. Taking advantage of sec-

tion 17 of the Act of May 29, 1931, P. L. 280, as amended (72 PS §5971*q*), the Breakleys took the necessary steps to redeem the property. Plaintiff, however, contested the redemption and filed an action of mandamus against the Delaware County Board of Commissioners demanding a deed to the premises.

On July 7, 1950, this court handed down an opinion by which judgment was entered in favor of defendant board. As part of the order of that opinion this court said:

"2. The County Commissioners are authorized to issue a certificate of redemption to owners, John Breakley and Mary Breakley *upon payments by them of all the costs of these proceedings.*"

Plaintiff appealed this court's judgment to the Superior Court where, in 168 Pa. Superior Ct. 143 (1951) the appellate court said the following: "The judgments and orders in the respective appeals are affirmed."

Plaintiff then petitioned the Supreme Court of Pennsylvania for the allowance of an appeal in the matter but on March 28, 1951, the court made the following order in regard thereto: "Petition refused. Per curiam."

Thereafter plaintiff and defendant filed their respective bills of costs with the prothonotary and sent copies of the same to the Breakleys' attorney, James A. Cochrane. On April 14, 1951, the Breakleys' attorney entered an appearance de bene esse for the sole purpose of protecting the Breakleys against imposition of costs.

The Breakleys then filed exceptions to both plaintiff's and defendant's bill of costs, with the prothonotary, contending that the costs could not be imposed upon them. After a hearing the prothonotary handed down an opinion whereby the exceptions were dismissed since

the determination of liability of costs was not within his jurisdiction.

The Breakleys then filed an appeal from the prothonotary's decision to this court and asked this court to determine as a matter of law what party or parties are liable to pay the costs in the above proceedings.

This is an improper procedure for the determination of liability for costs. The only matter that can be considered on an appeal from the prothonotary's decision is the correctness of the bills as filed: Stewart v. Stevenson, 2 D. & C. 776, 15 Standard Pa. Practice 532, §119.

However, the Breakleys also filed a petition entitled "Rule to Show Cause Why Costs Taxed by the Prothonotary Should Not Be Imposed Upon the Delaware County Mortgage and Finance Co., Inc.". Such a petition, we believe, is sufficient to properly bring the question of liability for costs before the Court of Common Pleas. It is in conformity with the recognized practice for determining such a question.

It is now the Breakleys' contention that no judgment or order for costs can be rendered against them because they are not parties of record. This court imposed the costs upon the Breakleys in its order dated July 7, 1950. The Superior Court of Pennsylvania affirmed that order in a decision rendered on January 12, 1951. This court is bound by that appellate court decision and has no power to change it.

Plaintiff, on the other hand, contends that because of this court's order of July 7, 1950, and its affirmation thereof on January 12, 1951, by the Superior Court, the Breakleys must pay the costs not only of the lower court proceedings but of the appeal.

At the time the order of July 7, 1950, was entered, this court, in disposing of the costs only, contemplated the costs incurred in the lower court proceeding. This court would have no jurisdiction over costs on appeal: Commonwealth v. Glad, 51 Dauph. 207.

When the Superior Court therefore affirmed the order of this court on January 12, 1951, it is our opinion that the order of the lower court was affirmed as it stood; that is, that the Breakleys should pay the costs of the lower court proceedings. That certainly was all that this court intended they should pay, and that was all we believe the Superior Court intended they should pay.

If the Superior Court had intended that the costs of the appeal should have been paid by the Breakleys then they would have specifically designated that "costs of the appeal" were to be borne by the Breakleys.

It is our opinion that the costs of the lower court proceeding must be paid by the Breakleys while the costs of appeal must be paid by the losing party, the Delaware County Mortgage and Finance Co., Inc.