## Adams County v. Carey

*Swope, Brown & Swope,* for plaintiff.

*Donald G. Oyler,* for defendant.

SHEELY, P. J., December 31, 1954—On August 22, 1953, a vacant tract of land assessed in the name of John A. Carey was sold for unpaid taxes to John and Catherine Greiner for $125, and their deed from the sheriff therefor was duly recorded. The property in question was originally owned by John A. Carey and Estella Carey, husband and wife, as tenants of an estate by entireties. John A. Carey died on November 23, 1937, intestate, leaving to survive him his widow, Estella Carey. Estella Carey died December 28, 1940, intestate, leaving to survive her as her only heir, a brother, Arthur N. Pritz. Arthur N. Pritz died January 12, 1945, intestate, leaving to survive him as his only heirs, his wife and two children, Arthur E. Pritz and Elizabeth C. McComsey.

On September 4, 1954, within one year of the acknowledgment of the deed from the sheriff to the Greiners, Arthur E. Pritz and Elizabeth C. McComsey filed a petition alleging the foregoing facts and praying for a rule upon the Greiners to show cause why the property should not be redeemed upon payment of the amount bid at the sheriff's sale and all other sums required by the Act of May 16, 1923, P. L. 207, sec. 32, 53 PS §2052. An answer was filed by the Greiners and a hearing was held at which the foregoing facts were established.

Section 32 of the Act of 1923, 53 PS §2052, provides that the owner of any property sold under a tax claim, or his assignees, may redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor. Petitioners here claim the right to redeem as owners of the property and, in their brief, respondents admit that "At the time of the sale this property was owned by petitioners as tenants in common with their mother". They contend, however, that petitioners are not the "owners" as defined by the statute and therefore do not have the right to redeem. In section 1 of the Act (53 PS §2021), it is provided that the word "owner" shall mean the person or persons in whose name the property is registered, if registered according to law and, in all other cases, shall mean any person or persons in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of said property. Admittedly petitioners were not in open, peaceable and notorious possession of the property and were not the reputed owners thereof in the neighborhood of such property. There is no system of registration of property in Adams County.

The privilege of redemption has always been liberally construed in Pennsylvania under the various acts

of assembly regulating tax sales: Levick v. North Versailles Township et al., 360 Pa. 510, 514 (1948). In Steiner and Newbold v. Coxe, 4 Pa. 13, 26 (1846), Chief Justice Gibson said:

"It consists not with the justice or the dignity of a free government to confiscate the estates of its citizens; or make them bear more than their respective proportions of the public burdens; or to speculate on their short-comings as sources of increased revenue".

In Gault's Appeal, 33 Pa. 94, 97 (1859), it was pointed out that the seizure and sale of land without notice to the owner is a severe exercise of power.

"To divest ownership, without personal notice, and without direct compensation, is the instance in which a constitutional government approaches most near to an unrestrained tyranny. Whatever tends to modify this right is favourable to the citizen, and ought to be liberally construed, on the principle that remedial statutes are to be beneficially expounded. Redemption is the last chance of the citizen to recover his rights of property . . ."

In that case a grantee of the owner was held to be entitled to the right to redeem as the sale of the property for taxes left in the former owner an equity of redemption which might be conveyed like any other estate.

In Dubois v. Hepburn 35 U. S. 1, 10 Peters 1 (1836), it is said in considering redemption of property under the tax laws of Pennsylvania:

"Any right, which in law or equity amounts to an ownership in the land; any right of entry upon it, to its possession, or enjoyment, or any part of it, which can be deemed an estate in it, makes the person the owner, so far as it is necessary to give him the right to redeem". (syllabus)

This quotation has been cited with approval in many cases including Philadelphia v. Schaefer et al.,

269 Pa. 550, 553 (1921), where it was pointed out that the Act of June 4, 1901, P. L. 364, which controlled the proceeding in that case, expressly provided for the redemption by either the owner or his assignee. The Act of 1901 contained the same definition of "owner" as the Act of 1923, relied upon by respondents.

The purpose of the definition of "owner" as contained in section 1 of the Act of 1923 was to take care of the situation confronting the taxing authorities when it is impossible to ascertain the identity of the real owner of a property. In preparing its claim under section 10 of the act (53 PS §2030), which provides that the claim shall set forth, inter alia, the name of the owner of the property against which it is filed, the taxing authority is protected by filing the claim in the name of the person in open, peaceable and notorious possession of the property, as apparent owner thereof, if any, or in the name of the reputed owner thereof in the neighborhood of such property. That was done in the present case as John A. Carey individually was never the owner of the property in question.

But to apply the definition of "owner" as contained in section 1 of the act to the provisions of section 32 providing for redemption by the owner would lead to absurd results. In the case of a property reputed to be owned by one person, but actually owned by another, the reputed owner, without any real interest in the property, could redeem while the actual owner could not. Or if someone took adverse possession of the property prior to the tax sale, he could redeem the property after the sale while the real owner could not. To take the property of the real owner for nonpayment of taxes and to permit its redemption by one who is not the owner would, to say the least, be of doubtful constitutionality.

It is a fundamental rule in construing statutes that there is a presumption that the legislature does not

intend a result that is absurd, impossible of execution, or unreasonable, and that it does not intend to violate the Constitution of the United States or of this Commonwealth: Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552. It is apparent that the definition of owner as contained in section 1 of the act was intended to apply only to the name in which a claim should be filed and was not intended to restrict the right of the real owner of the property to redeem it. As pointed out above, the Act of 1901 contained the same definition of owner as contained in the Act of 1923, and under the prior act the Supreme Court, in Philadelphia v. Schaefer et al., supra, said that the act expressly provided for the redemption of the property by the owner, or his assignees.

We conclude that on the established facts petitioners are entitled to redeem the property upon payment of the amount of $125 bid at the sale, the cost of drawing, acknowledging, and recording the sheriff's deed, the sum of $7 paid by the Greiners as taxes thereon, and the sum of $9 paid for having the lot mowed, together with a sum equal to interest at the rate of 10 percent per annum thereon from the time of each of such payments.

And now, December 31, 1954, after hearing, the court being satisfied of the facts as set forth in the petition, it is ordered and decreed that the rule issued upon John and Catherine Greiner to show cause why they should not reconvey the premises to Mrs. Arthur N. Pritz, Arthur E. Pritz and Elizabeth C. McComsey is made absolute, and it is directed that upon payment to them of the amount of $125 bid at the sale, the cost of drawing, acknowledging, and recording the sheriff's deed, the sum of $7 paid by the Greiners as taxes thereon, and the sum of $9 paid for having the lot mowed, together with a sum equal to interest at the rate of 10 percent per annum thereon from the time

of each of such payments. John and Catherine Greiner shall reconvey the premises to Mrs. Arthur N. Pritz, Arthur E. Pritz and Elizabeth C. McComsey.