## Rayonic Corporation v. Industrial Enterprises, Inc.

*Joseph V. Restifo,* for plaintiff.
*Andrew F. Mimaugh,* for defendants.

· CORTESE, PROTHONOTARY, November 4, 1971.— Plaintiff and defendants in this action of replevin with

bond each filed a bill of costs and each filed exceptions to the other's bill. The first exception on each side questions the timeliness of the other's bill. The arbitrators' award was filed on April 23, 1971, and the bills of costs on April 27, 1971. Pennsylvania Rule of Civil Procedure 308(b) requires a bill of costs (as to witness fees and mileage, covered in 308(a)) to be filed "within four days after the continuance, trial or failure to be reached." As a trial with jury dates from the time the jury renders its verdict, so the award of arbitrators dates from its filing with the Arbitration Commissioner. These bills of costs were filed on the fourth day after filing of the award. Exception no. 1 of each party is, therefore, dismissed.

Each party's exception no. 2 raises the question, who was the "prevailing party" entitled to claim costs at all, the arbitrators having awarded some of the goods to plaintiff and some to defendants. No judicial authority on this question has been found more recent than Shoemaker v. Shoemaker, 4 Dist. Rep. 398 (Luzerne Co., 1895), which, however, has never been overruled. This is authority for the proposition that since each party obtained recovery of some of the goods against the other, each party must be regarded as having "prevailed," and, therefore, each entitled to claim his costs against the other.

Turning then to plaintiff's bill of costs, defendants' exception to the charge for the replevin bond premium, $235, must be sustained. This item was held to be not taxable in Blossom Products v. National Underwear Co., 29 D. & C. 581 (Lehigh Co., 1937). The decision was affirmed on the merits without mentioning the costs question in 325 Pa. 383.

Plaintiff's charge for prothonotary and sheriff fees are already costs of record and not normally included in a bill of costs. They will be included in this adjudi-

cation to prevent double payment. Defendants do not except to the remaining items involving subpoenas and affidavits.

Although not excepted to, the amounts of plaintiff's charge for three witness fees and mileage is beyond that authorized by the Act of October 13, 1959, P. L. 1309, as amended, 28 PS §416.2 and §416.4, which is $5 per day and seven cents per mile to and from the courthouse. This item is, therefore, reduced by allowing $6.75 for witness Cole, $6.40 for witness Paul and $6.26 for witness Silverman, totaling $19.41. Costs on plaintiff's bill of costs are accordingly taxed in favor of plaintiff and against defendants in the amount of $52.81.

On defendant's bill of costs, plaintiff's third exception questions the charge of $165 for "poundage charge on counterbond." There is no statutory provision for taxing this item as a cost. Pa. R. C. P. 1079 is procedural only, and cannot affect the substantive law. This exception must be sustained.

Plaintiff's fourth exception, questioning costs of issuance and service of subpoenas, are moot, since defendants' counsel withdrew these items at the hearing.

Plaintiff's fifth and sixth exceptions are sustained by reducing the item of the fee for witness Lipson to $5 and his mileage to $.70.

Costs on defendants' bill of costs are, therefore, taxed in favor of defendants and against plaintiff in the amount of $10.20.

Supplementarily, we note that since commencement of action, plaintiff has been declared bankrupt and that counsel for the trustee filed his appearance here. Said counsel has taken no part in taxation of costs except to advise the prothonotary by informal letter, "The Bill of Costs should be withdrawn." This was disputed

by plaintiff's counsel, who insisted that he was still representing his client, albeit a bankrupt one. Defendants' counsel raised the question at the hearing whether plaintiff's counsel had the right to receive costs rather than trustee's counsel. We hold that the prothonotary has the function only to determine propriety and amounts of items claimed in the bill of costs and contested by exceptions filed. Questions of liability must be raised by petition to the court for rule to show cause why costs should not be paid as requested: Delaware County Mortgage and Fin. Co. v. Delaware County Board of Commissioners, 79 D. & C. 110 (1951, affirmed 168 Pa. Superior Ct. 143): Pa. R. C. P. 308(e).