## Sale of Land in Middletown Township

*Robert T. Burke,* for county commissioners.
*John P. Koopman,* for purchasers.
*Alfred O. Brunig, Jr.,* for former owner.

BECKERT, J., July 31, 1974.—This matter is before the court on the petition of the County Commissioners of Bucks County (county) seeking confirmation of a sale of the above tax parcel to Charles J. and Joan McGee (McGee). Approval thereof is contested by Grace Building Co., Inc. (Grace) who was the owner of the property at the time of its sale to the county for nonpayment of 1961 taxes. The sale took place on August 5, 1963. It is agreed by the parties that the two-year redemption period expired on August 5, 1965. Grace further agrees that the county has complied with all other aspects of the law relating to the sale and to the procedure to be followed for confirmation of the sale by this court to the present purchasers. Grace, however, does contest this sale to the McGees on the grounds that on November 16, 1973, Grace submitted its check to the treasurer of this county in the amount

of $193.61, which amount, it is agreed, represents the full amount of any delinquent taxes, penalty or cost on the subject property. The county acknowledged receipt of this check, but returned the check to Grace, the county taking the position that they had no right to accept payment as it had accepted a bid from the McGees on October 4, 1973, for the sale of this tax parcel.

It should be further noted that on November 13, 1973, the county commissioners unanimously passed a resolution directing the county solicitor to petition this court for approval of the sale to the McGees.

A sale of land acquired by the county is an exercise of the power of the sovereign: Day v. Ostergard, 146 Pa. Superior Ct. 27, 31 (1941). While the title vesting in the county that acquires realty at a tax sale is absolute after the redemption period (City of Philadelphia, Trustee v. Raup, 177 Pa. 396 (1896)), nevertheless it has been held very early in our history that a purchaser may be allowed redemption even after the time for redemption, as fixed by statute, has expired: Steiner & Newbold v. Coxe, 4 Pa. 13, 26 (1846).

The right of redemption is statutory. First is the redemption period, which could be described as that period which is a matter of right, namely, for the two-year period following the sale. After that time has elapsed, there are "discretionary redemptions" as provided by our acts of assembly. The Act of May 25, 1933, P. L. 1018, as amended, 72 PS §5876, allows the county, whether or not the period for redemption has expired, to enter into an agreement of compromise with the prior owner, subject to court's approval for any sum less than the full amount of taxes, penalties, interests, costs. There is also the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, which provides that the former owner may redeem the property so long as title

remains in the political subdivision upon payment of the amount due by instalments whether or not the period during which the right of redemption existed shall have expired.

Then, there is the act which Grace contends is applicable to the present case; that being, the Act of July 17, 1935, P. L. 1091, 72 PS §5879, the first section thereof being as follows:

"In all cases where, heretofore or hereafter, real estate shall have been or shall be purchased at tax sale by a county, it shall be lawful for the county commissioners in their discretion, to permit a redemption of said real estate, or part thereof, so long as the title thereto remains in the county, notwithstanding the period during which the right of redemption existed shall have expired; provided all taxes with interest and costs due thereon, but less any penalties, shall be paid."

McGees take the position that equitable title became vested in them as of the time that their offer was accepted by the county and that, at the best, the county thereafter retained bare legal title subject to a decree of the court approving the sale. This argument was advanced in the case of Roth Appeal, 159 Pa. Superior Ct. 145 (1946), and rejected. The court stated, at pages 150 and 151:

"The present transactions are more analagous to orphans' court sales. Here, as there, no conversion takes place until deed has been executed and delivered. (citing cases) . . . But in the present case the right of the former owners to redeem is regulated by statute, and the prospective purchasers at private sale from the county commissioners are not in the same category as such purchasers by articles of agreement. A public sale . . . of real property by the county commissioners previously purchased at tax sale is more comparable

to a sheriff's sale, but even there 'any owner of the property so sold may, within ten days after the date of the said sale, redeem the property so sold upon payment of the bid price and the costs of sale' . . .

"The agreements between the offerers and the county commissioners were conditional not absolute. Section 4 of the Act of 1937, as amended, 72 PS §5878d, specifies the conditions for the passing of title. It provides that the court, if it so decides, shall enter a decree approving the private sale, and that the decree shall direct a conveyance of the property to the person or persons with whom the agreement has been made, upon payment of the agreed amount or such amount as the court may approve. Consequently, title to the property remains in the county until, as the court has directed, the consideration has been paid and the conveyance made. This is especially true as the county holds title to the property as trustee for the benefit of the several taxing authorities. [cases cited]."

Continuing on page 152, the Roth court stated:

"The consummation of the sale is under the court's direction and supervision, and the sale is to be carried out in the manner directed in its decree. Title remains in the county until there has been a complete compliance with such decree. Until the county has thus been divested of its title, appellants, the former owners of the properties in question, had an absolute right of redemption."

Armed with the above language, it is difficult to conceive how we can reach any other result than that of sustaining Grace's position. While it is certainly true that the Act of July 17, 1935, P. L. 1091, supra, vests discretionary powers in the commissioners to permit a redemption of the real estate so long as title thereto remains in the county, the better view appears to be that the county should honor a valid payment of

delinquent taxes with interest and costs due thereon if tendered at any time prior to the confirmation by the court of the sale to a stranger to title: Roth Appeal, supra. See, also, Thompson v. Frazier, 159 Pa. Superior Ct. 395, 400 (1946). The rationale behind this approach is predicated upon the thought that the policy of the law is that any taxing authority should not obtain or possibly obtain a financial windfall out of a delinquent taxpayer's property because of his financial difficulties: Fayette County Commissioners' Petition, 386 Pa. 382, 387 (1956).

As Grace has tendered the amount which the county agrees was due, the redemption would be construed to be effected even though the tender was refused: Pintek v. Allegheny County, 186 Pa. Superior Ct. 366 (1958). However, it follows that, to have this effect, the tender must be of the full amount and must be unconditional: Broughton v. Journeay, 51 Pa. 31 (1865). It is specifically noted that we are not determining herein that the amount tendered to the county was, in fact, the amount the county was entitled to receive under the applicable statutes.

In accordance with the above, we enter the following

## ORDER

And now, July 31, 1974, valid objection to the proposed sale of the above set forth real estate, situate in Middletown Township, bearing tax parcel no. 22-53-291, being interposed, the confirmation of the sale of said realty to Charles J. and Joan McGee is denied and refused. Grace Building Corporation, Inc., former owner of the property in fee, is permitted within ten days from this date to make payment of all delinquent taxes, penalties, interest and costs to the County of Bucks to redeem the aforementioned realty.