Petrovich Appeal.

Argued April 19, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*A. C. Scales,* of *Scales, Loughran & Shaw,* for appel-
lant.

*Marquis M. Smith,* with him *Vincent R. Smith,* for
appellee.

OPINION BY BALDRIGE, J., July 15, 1944:

Pete Petrovich acquired under deed dated May 14,
1925, title to 3½ acres unseated land in the Borough of
Trafford, Westmoreland County, which thereafter was
assessed in his name. He became delinquent in the
payment of his taxes and as a result the property was
sold by the county treasurer to the county commission-
ers. On September 16, 1941, the commissioners peti-
tioned the court of common pleas for authority to sell

the land under the provisions of the Act of July 18, 1935, P. L. 1168, 72 PS §5970 A. A day was set for hearing and advertisement of the sale was directed. On October 10, 1941, the court made an order authorizing the commissioners to sell the land to Mathew Brletic. This was done and a deed to Brletic was executed and delivered October 20, 1941. A year later Petrovich obtained a rule on the commissioners and Brletic to show cause why the order of the court directing the sale should not be vacated and declared null and void and the deed set aside on the ground that the commissioners had failed to comply with the Act of 1935, supra, in that no hearing or proper advertising was had; that he as the owner received no notice of the proceeding, although he lived near the purchaser and saw him frequently and that the entire proceeding was fraud upon the petitioner.

The defendant's answer raised the question of law that the petitioner could not attack the validity of the sale by a summary proceeding such as a rule to show cause; that petitioner would have to resort to either an action of ejectment or an equity proceeding. This position was upheld by the court below and the rule discharged. This appeal followed.

The action of the court below was proper. A rule is not an original process but is "auxiliary, and for the facilitating of jurisdiction already acquired," (Mitchell, Motions and Rules, p. 3) except where it is authorized by statute to be used as an original process. For instance, one in possession of land may obtain a rule against a person claiming title to bring an action of ejectment: *Short v. Board of School District of Upper Moreland Township,* 108 Pa. Superior Ct. 503, 505, 165 A. 669. See, also, *Boocks's Petition,* 303 Pa. 363, 367, 154 A. 710. In the recent case of *Day v. Ostergard et al.,* 146 Pa. Superior Ct. 27, 21 A. 2d 586, we affirmed the lower court in authorizing a testing of the rights of a purchaser at a tax sale and a mortgagee who had

taken possession of the mortgaged premises in a declaratory judgment proceeding. The instant case is not within the general discretionary powers of this court and there is no statutory authority, for granting a rule as an original process. It is well settled that after acknowledgment and delivery of sheriff's deed the sale of real estate described therein cannot be set aside, except for fraud or want of authority to make the sale and then only by an action of ejectment or bill in equity to cancel it.

The Supreme Court in *Evans v. Maury,* 112 Pa. 300, 3 A. 850, held that the lower court had no power in a summary proceeding, as upon a rule to show cause to set aside a sheriff's sale, to compel a purchaser to surrender possession of the land and to deliver his deed therefor; that the purchaser's title was good until it was proved to be procured by fraud upon the defendant in the execution, and this must be done either in an action of ejectment or bill in equity. See, also, *Media T. & T. Co. v. Kelly,* 185 Pa. 131, 39 A. 832; *Knox v. Noggle,* 328 Pa. 302, 196 A. 18; *H. O. L. C. v. Edwards,* 329 Pa. 529, 531, 198 A. 123; *Beckman v. Altoona Trust Co.,* 332 Pa. 545, 2 A. 2d 826; *Kowatch et al. v. Home B. & L. Assn.,* 131 Pa. Superior Ct. 517, 522, 200 A. 111. True, those cases involve sheriff sales and here the commissioners purchased the land at a treasurer's tax sale for delinquent taxes, and sold it under the order of the court pursuant to the provisions of the Act of 1935, supra. The situation is, however, sufficiently analogous to be controlled by the principles set forth in the cases involving sheriff's sales of real estate under an ordinary judgment.

In an ejectment action or an equity proceeding all the facts may be presented, the rights of the parties strictly guarded, and the controversial issues determined so that the appellant is not without a remedy if his rights have been infringed upon. For the substantive law applicable to an action of ejectment by a

former owner of land claiming right of possession against the purchaser at the tax sale see the comprehensive opinion of Judge KELLER (now President Judge) in *Ryan v. Bruhin,* 88 Pa. Superior Ct. 61.

The order of the court below is affirmed.