Bernitsky, Appellant, *v.* Schuylkill County.

Argued January 4, 1955. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*David Berger,* with him *Isadore Krasno,* for appellants.

*H. G. Stutzman,* with him *John H. Thomas,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 14, 1955:

The question presented is whether or not appellants were correctly denied the right of redemption of a portion of a larger tract of land sold by the County Treasurer to the County Commissioners of Schuylkill County for the nonpayment of taxes. The court below denied the right of redemption under a construction of the Act of July 7, 1947, P. L. 1368, 72 PS §5860 et seq.

Joseph Bernitsky and George Stenulis, the appellants, are individuals who purchased 2.1 acres of such surface and mineral land on March 16, 1953. Appellants' grantors had acquired title to the 2.1 acres about one month previously on February 11, 1953, from The Green Valley Coal Mining Company, Inc. While The Green Valley Coal Mining Company, Inc., was the owner of the larger tract called the Reuben Davis Warrantee tract located in Blythe Township, Schuylkill County,

of which this 2.1 acres is a part, the tract was sold on September 15, 1942, for delinquent taxes by the County Treasurer to the County Commissioners of Schuylkill County. Thus the title acquired by the appellants was limited to that title the former owner, the coal company, could convey, which amounted, in effect, to an alleged right of redemption. Following denials of appellants' repeated requests of the County Commissioners that they be permitted to redeem the 2.1 acres, this action was commenced against Schuylkill County, Blythe Township and the School District of Blythe. A rule was issued on the defendants to show cause why the appellants should not be allowed to redeem. Neither the Township nor the School District opposed the petition. The rule was dismissed, however. This appeal followed.

The controversy centers around the application of two Acts of Assembly, the Act of July 28, 1941, P. L. 535, 72 PS §6105.1 et seq., and the Act of July 7, 1947, P. L. 1368, 72 PS §5860.101 et seq. The appellants contend that since the land was sold under the Act of 1941, supra, the right of redemption is governed by that Act which, it is claimed, created a *vested* right of redemption thereunder when sold in accordance with its terms. The Act of 1941, supra, sec. 1, 72 PS §6105.1 provides: "In all cases where heretofore or hereafter real property shall have been or shall be purchased at any tax sale by any political subdivision, any person who was or is entitled under existing law to redeem such property shall have such right of redemption *so long as the title thereto remains in said political subdivision* upon the payment of the amount due thereon by installments in the manner hereinafter provided, *whether or not the period during which the right of redemption existed shall have expired*." (Italics supplied) In order to expedite the col-

lection of delinquent real estate taxes, to retain the productivity of the real estate, and to maintain economic value, the General Assembly adopted the Real Estate Tax Sale Law of 1947, supra. In general, this Act provides that property already in the hands of the taxing authorities prior to its effective date, with certain exceptions not presently relevant, should be turned over to the Tax Claim Bureau prior to January 1, 1949, or if the redemption period had not expired by this date at the expiration thereof. All rights and title vested in the Bureau, as trustee. Section 702 of the Act of 1947, supra, 72 PS §5860.702 provides: "The property turned over to it, [the Bureau] . . . *shall not be subject to redemption* and until finally sold, as hereinafter provided, the bureau shall manage and control the property for the trustee county with power, . . . etc." (Italics supplied) The later Act expressly repeals the 1941 Act.

It is the appellants' contention that under the Act of 1941, supra, there existed an absolute *vested* right of redemption in former owners of real estate sold at a sale for delinquent taxes. It is argued that the Act of 1947, supra, is unconstitutional because it cannot operate to divest appellants of their vested right of redemption. But in this contention there is a failure to appreciate the reason for these enactments and the power under which they were adopted. Justice WOODWARD said in *Gault's Appeal*, 33 Pa. 94, 100: ". . . all these Acts of Assembly authorizing the assessment of municipal taxes, the creation of liens therefor, the sale of lands to satisfy the liens, and the time of redemption given to owners, constitute together a system of remedies for enforcing the taxing power— than which there is no clearer power in the constitution. States and cities cannot exist without taxation. The time, the mode, and the measure of taxa-

tion, are committed altogether and exclusively to the legislative discretion. As I have already intimated, it is on this ground alone that the constitutionality of these laws is to be sustained, which, without notice to the owner, or judicial sentence against him, seize his title to real estate, and sell it to the highest bidder for the payment of taxes. On the same ground—the absoluteness of the legislative power to regulate taxation—this Act of 13th May 1856 can be abundantly supported. It is part and parcel of that regulation of public taxation, which, under the constitution, belongs exclusively to the legislature. It mitigates the rigour of the original proceeding, and is, therefore, worthy of beneficent interpretation; but its constitutionality rests not on this consideration, but on the fact that it is one of the necessary and reasonable means to a constitutional end. The object proposed is to enforce the payment of taxes—and these several statutes are the legislative mode of attaining that object. The one is as constitutional as the other. . . ." Appellants' right of redemption was not a vested right but a right subject to the control of the Legislature. The Legislature might have repealed all laws on the subject: *Gault's Appeal,* supra. Mr. Justice ARNOLD said in *Haughey v. Dillon,* 379 Pa. 1, 6, 108 A. 2d 69: "Right of redemption did not exist at common law,— it was created by statute.... .. .. Subsequent statutes (Act of 1901, P. L. 364, and Act of 1923, P. L. 207) changed the provisions as to redemption. .. . ." The Legislature changed the provisions of redemption provided in the Act of 1941, supra, by stating that title to all properties acquired by the taxing authority as a result of delinquent real estate tax sales shall be delivered to the Tax Bureau as trustee. Mr. Justice JONES, speaking for this Court, in *Tremont Township School District Appeal,* 366 Pa. 404, 409, 77 A. 2d 403,

said: "... Having acquired the property prior to January 1, 1948, the County Commissioners were under a positive statutory duty (see Sec. 701) to deliver possession of such property to the Tax Claim Bureau prior to January 1, 1949. In that situation, it is vain for the appellants to search for some possible technical objection to the manner in which the Commissioners undertook to discharge their mandatory legal duty in the premises. The Act does not prescribe any formality by which the transfer was to be made. *Indeed, it might well be considered to have occurred automatically because of the law's positive direction. . . ."* (Italics supplied) The Act of 1941, supra, permits redemption of the property after the redemption period has expired *only so long as the title thereto remains in the political subdivision.* When the appellants acquired title to the 2.1 acres of land on March 16, 1953, title was in the Tax Claim Bureau of Schuylkill County and had been for several years. Since title had not remained in the political subdivision the right of redemption was lost.

The coal company, the grantor of appellants' grantors, had wasted all rights of redemption on January 1, 1949, by the transfer of the property from the County Commissioners to the Tax Claim Bureau. Since not even a right of redemption remained in the coal company, appellants succeeded to nothing by the deed. Any vested right the coal company had was divested by operation of the 1947 Act, supra, in accordance with the Act under which the appellants claim.

The Act of 1941, supra, granted the right after the redemption period had expired *only* if title remained in the political subdivision. There is no direction in the Act that the property must be sold. There is, therefore, no need for consideration, but simply a

transfer of title. The fact remains title was no longer in the County, but in the Bureau.

Appellants advance the argument that, assuming no vested rights are impaired, the Act of 1947, supra, is unconstitutional because it does not provide for notice of the transfer of possession of the property to the Tax Claim Bureau. The Act, however, gave persons, whose land was sold, the right to redeem from January 1, 1948, the effective date of the Act, until January 1, 1949. The passage of the Act itself was sufficient notice. If what the appellants contend for here were required, then notice would have to be given to every individual where legislation is adopted limiting his rights.

The basis of appellants' argument is that the Act of 1947 is an infringement of his vested statutory rights. Any argument that the Act of 1947 impairs the contractual obligation is fallacious, for any contract the appellants had was made with full knowledge of the existing statutory provisions.

Order affirmed at cost of appellants.