## Reider Estate

*Walter A. Kieler*, for estate.

*Matthews & Matheny* and *Alfred V. Papa*, for petitioner.

BRAHAM, P. J., December 28, 1955.—This proceeding was begun by a petition to strike off an election to take against the will of Joseph Reider, deceased. It was

filed by Cornelius F. Becker as residuary legatee and devisee. The gist of the petition is an allegation that Sadie Reider, widow of the testator, who has filed a petition to take against the will, deserted testator in his lifetime and thus lost her rights as widow.

Upon the filing of the petition the court issued a rule to show cause why the prayer thereof should not be granted. Attorney for Sadie Reider appeared for her and accepted service of the rule. Subsequently he filed preliminary objections to the petition. These objections will be ruled seriatim.

First objection: It is true that a rule is not original process, Petrovich Appeal, 155 Pa. Superior Ct. 138, and that the procedural device employed by the orphans' court is not a rule but a citation. However, Mrs. Reider has appeared in the action and every end to be attained by issuing and service of a citation has been gained. The parties are now before the court. It is to be noted that respondent did not appear specially so as to challenge jurisdiction but appeared generally.

Second and third objections: The Supreme Court Orphans' Court rules, section 3, rule 4, lay down the requirements for a petition. Among them are a concise statement of the facts and citation of the act of assembly relied upon. Petitioner's allegation that Sadie Reider deserted her husband many years ago may pass as a concise statement of the facts but, since this case presents a problem which can be resolved only by the taking of testimony, the petition should state when she deserted her husband. The act of assembly should also be cited.

Fourth objection: The validity of an election to take against the will does not have to await distribution. This type of proceeding is specifically regulated by section 12, rule 3 of the Supreme Court Orphans' Court Rules. An early decision as to the right of a widow to take is often necessary to an orderly dis-

tribution of an estate and the rule clearly contemplates an early decision.

Fifth and sixth objections: These objections really constitute speaking demurrers because they state facts not of record. When evidence is taken the desertion and nonsupport proceeding can be offered in evidence and given their appropriate weight.

An amended pleading should be filed by petitioner conforming to section 3, rule 4, and to section 12, rule 3, of the Supreme Court Orphans' Court Rules. When this is answered a time can be set for hearing.