Hughes, Appellant, *v.* Farrell.

Argued April 11, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Edward F. Peduzzi,* with him *Lopresti & Peduzzi,* and *Myers, Taylor & Peduzzi,* for appellants.

*Paul D. Larimer,* with him *Thomas A. Swope, Shettig, Swope & Shettig* and *Englehart, Larimer & Englehart,* for appellee.

Opinion by Wright, J., July 17, 1956:

On June 27, 1938, the County Treasurer of Cambria ·County sold to the County Commissioners for non-payment of taxes the coal underlying fourteen contiguous tracts of land assessed in the name of Samuel Heilner. Throughout the years these tracts of coal land had been assessed as separate units, each tract having been given its own valuation and property number, and taxes were levied and collected on each tract individually. By quitclaim deed dated January 28, 1949, the "continuing right of redemption"[1] became vested in C. R. Hughes, who then proposed to redeem six of the fourteen tracts under the provisions of the Act of July 28, 1941, P. L. 535, 72 PS 6105.1 et seq.[2] Hughes presented his check in the sum of $1297.58 representing the first twenty percent payment of the taxes, interest and penalties. On March 7, 1949, the agreements required by the Act of 1941 were prepared and executed. These agreements provided, inter alia, that Hughes should pay the taxes accruing each year. However, the agreements were not delivered because a question was raised as to whether Hughes could redeem six of the fourteen tracts without redeeming the remainder. The commissioners referred the matter to their solicitor, who recommended that it should be determined by an appropriate court proceeding. Several conferences ensued but the matter was never resolved, although Hughes eventually offered to redeem the six tracts by payment in full. Finally, in the fall of 1953, the commissioners received an attractive offer for the purchase

---

[1] *Indiana County Petition*, 360 Pa. 244, 62 A. 2d 3.

[2] While this statute was repealed by the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS 5860.101 et seq., the County Commissioners of Cambria County elected by timely resolution, as they had the right to do, not to accept the provisions of the Real Estate Tax Sale Law.

of the entire fourteen tracts. Hughes then filed a petition for a rule to show cause (No. 9 March Term 1954) why he should not be permitted to redeem the six tracts only. On June 29, 1954, the "rule was made absolute and the respondents were directed to permit redemption in accordance with the terms of their agreement with the petitioner dated March 7th, 1949". No appeal was taken. Following a conference between all the interested parties on August 13, 1954, Hughes delivered to the county treasurer checks totaling $5476.05 covering the taxes, penalties, interests, and costs on the six tracts in question up to the year 1949, also checks totaling $1562.28 covering the face amount of the taxes on said six tracts from 1949 to 1954 inclusive, the taxing authorities having agreed to waive interest for said period. However, Hughes subsequently stopped payment on the checks totaling $1562.28, and filed the present petition for a rule to show cause (No. 915 September Term 1954) why he should not be permitted to redeem the six tracts merely by payment of the taxes, interest, and penalties accrued to March 7, 1949, and without payment of any taxes "from March 7, 1949, to the present time". The Chest Township School Board and the Chest Township Road Supervisors were granted permission to intervene.[3] On January 12, 1955, the court below discharged the rule. Hughes has appealed.

In limine, it should be noted that a rule to show cause is auxiliary process in aid of jurisdiction already acquired. It may not properly be used as original process except by statute. For instance, a rule to show cause may not be employed to test the validity of a sale by county commissioners of land purchased

---

[3] The designations of the intervenors should properly be, respectively, the School District of Chest Township and the Township of Chest.

for non-payment of taxes: *Petrovich Appeal,* 155 Pa. Superior Ct. 138, 38 A. 2d 709; or to strike off a tax assessment: *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A. 2d 807. And see *Pennsylvania Turnpike Commission v. Bedford County,* 47 D. & C. 496. However, our Supreme Court has (without comment) passed upon rules to show cause in situations involving redemption: *Indiana County Petition,* 360 Pa. 244, 62 A. 2d 3; *Levick v. North Versailles Township,* 360 Pa. 510, 62 A. 2d 758; *Bernitsky v. Schuylkill County,* 381 Pa. 128, 112 A. 2d 120. See also *Consolidated Real Estate Company v. Northumberland County,* 72 D. & C. 23. Since the question of procedure has not been raised, and expressly without determining it, we have concluded to dispose of the case at bar upon the merits.

The sole question presented is whether appellant is obligated to pay the taxes accrued against the six tracts sought to be redeemed for the five year period from the date of the execution of the agreements to the date of the decree of the lower court permitting the redemption. Appellant contends that, since the commissioners refused to deliver agreements at the time of their execution, he was unable to obtain possession of the six tracts, and was prevented from completing the redemption; and "that his right to redemption related back to March 7, 1949, and (he) was, therefore, entitled to redeem in full as of that date, that he was not obligated to pay these taxes as the Defendants breached the agreements of March 7, 1949, by their failure to deliver possession of the lands to him as therein provided".

What appellant seeks is to take advantage of the fact that his right to redeem the six tracts only was not finally determined for a period of five years. But he could have secured an earlier judicial determination of that question, and we are not convinced that he is

entitled to benefit from the delay. With regard to appellant's contention that the agreements were "breached" by the commissioners, in our view, it is doubtful whether the agreement actually became effective because of the absence of delivery. In any event, in the words of the lower court, "the petitioner has not yet completed his part of the agreement because he has not paid the current taxes annually. The only way that both parties may be made whole is for each to fulfill his respective agreement".

Appellant contends that he can be made whole only by being relieved from payment of the interim taxes. However, as previously noted, the taxing authorities agreed to waive interest, so that appellant is actually being required to pay only the amount of taxes with which he would have regularly been charged had the agreements been promptly delivered. And even though appellant had obtained possession, he could not have commenced mining operations until the redemption was completed. See *Zerbe Township School District v. Thomas*, 61 D. & C. 355.

Appellant further contends that the commissioners are equitably estopped from levying taxes on the six tracts from 1949 to 1954. In this connection we quote with approval the following excerpt from the opinion of Judge GRIFFITH for the court below: "Thus the situation now before us is not similar to the situation referred to in 51 Am. Jur. 82, cited by the petitioner, where it is stated that although generally a state may not be estopped to exercise its power of taxation with reference to certain lands because it has made a wrongful claim to own such lands, yet a County which has contracted to convey land owned by it and refused to perform its contract is estopped from contending that the vendee had title to the lands and that consequently taxes levied against them were not invalid as having

been assessed against public property. In the case before us the question of unassessable public property is not involved and the Act of Assembly specifically provides that taxes shall be assessed and charged against properties purchased by the county commissioners at tax sales".

By way of amplification we note that section 16 of the Act of May 29, 1931, P. L. 280, as last amended by the Act of May 24, 1945, P. L. 945, 72 PS 5971 p, expressly sets forth that land purchased by the commissioners at county treasurer's sale shall not, so long as it remains the property of the county, be charged in the tax duplicate, but during the period of redemption the commissioners shall "charge every such tract of land with like county, city, borough, township, school and poor taxes, as would have been chargeable against the land had the same not been purchased by the county commissioners". Appellant's argument that the quoted statutory provision applies only during a limited redemption period is answered by the proposition that the redemption period continues so long as the county holds title. See *Blythe Township School District v. Mary-D Coal Mining Company*, 354 Pa. 407, 47 A. 2d 535; *Roth's Appeal*, 159 Pa. Superior Ct. 145, 47 A. 2d 716.

The decree of the lower court is affirmed.