## Fayette County Commissioners' Petition.

Argued September 28, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*John L. Spurgeon,* with him *Wade K. Newell,* for appellants.

*Samuel J. Feigus,* with him *John R. Hoye,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, November 12, 1956:
Where a county becomes the purchaser of a property at a tax sale which it subsequently disposes of after the late owner's right of redemption has expired, who is entitled to the residue of the proceeds from such sale or conversion by the county in excess of the amount of the delinquent tax claims against the property, including interest, penalties and costs? Such is the question which the instant appeals present except for the immaterial fact that the conversion of the property while in the County's ownership was by way of condemnation and not a sale.

On August 4, 1938, the treasurer of Fayette County sold to the County at a public sale for delinquent taxes an improved farm owned by cotenants in inter-

ests now represented by the appellants. A tax deed to the County for the property was thereafter delivered and recorded. On September 24, 1952, one of the former owners, on behalf of himself and his cotenants, offered to redeem the property and tendered to the County for that purpose a sum in the aggregate amount of all accrued delinquent taxes with interest, penalties and costs to the date of the offer of redemption. The offer was refused by the county commissioners who, by resolution of March 25, 1953, while acting in their capacity as members of the Fayette County Institution District, condemned the property, in an exercise of their power of eminent domain, for the use of the Institution District. On petition of the Institution District, viewers were appointed who, in due course, filed a report wherein they awarded a specified sum in equal one-sixth shares to the former private owners of the property less the amount of all delinquent taxes against the property with interest, penalties and costs. Exceptions by the Institution District to the viewers' report were dismissed by the court en banc and the award affirmed. On motion for reargument, the court vacated its prior order and awarded the surplus proceeds from the condemnation of the property to the County of Fayette. From the final order so entered, the appellants took these several appeals.

The conclusion ultimately reached by the court below rested on a misconception of the scope of our ruling in *Bernitsky v. Schuykill County*, 381 Pa. 128, 112 A. 2d 120. We there held that the right of an owner to redeem property sold to a taxing district at a tax sale terminated when the property came into the possession of the local Tax Claim Bureau. The Real Estate Tax Sale Law of 1947, P. L. 1368, 72 PS §5860.702 (the statute involved in the *Bernitsky* case) expressly

so directs. Section 701 of the Act provides that, when county commissioners or any taxing districts have, prior to the effective date of the Act (viz., January 1, 1948) acquired any property at a tax sale, such commissioners or taxing districts shall, prior to January 1, 1949, or in cases where the redemption period (two years under the amendatory Act of June 20, 1939, P. L. 498) has not expired, at such time immediately on the expiration thereof, deliver possession of such property to the Tax Claim Bureau together with all pertinent information in regard thereto; and that thereafter all rights and title to the property, held by such taxing districts, shall vest in the county, as trustee, for all taxing districts having an interest in the management and control of such property. A Tax Claim Bureau for each of the counties of the Commonwealth, except a county of the first class, was created by the Act of 1947. Section 702 of the Act specifically provides that "The property turned over to [the Tax Claim Bureau] . . . shall not be subject to redemption . . . ."

Inasmuch as the property here involved was acquired by the County at a treasurer's tax sale more than two years prior to January 1, 1949, it follows that it passed into the control and management of the County Tax Claim Bureau on that date pursuant to the applicable provision of the Real Estate Tax Sale Law of 1947. Actually, the transfer occurs by operation of law; hence, its form or regularity is immaterial and may not be appropriately inquired into. In *Tremont Township School District Appeal*, 366 Pa. 404, 409, 77 A. 2d 403, we had occasion to observe that "The Act does not prescribe any formality by which the transfer was to be made. Indeed, it might well be considered to have occurred automatically because of the law's positive direction."

It so happens that, under prior law (Section 1 of the Act of July 28, 1941, P. L. 535, 72 PS §6105.1), where a taxing district became the purchaser of a property at a tax sale, the owner's right of redemption endured as long as the title to the property remained in the purchasing taxing authority regardless of the general statutory two-year limitation for redemption. It is readily understandable, therefore, that, under the earlier legal provision, the late owner of a property sold to a county or other political subdivision for taxes was deemed to be entitled to the residue of the proceeds received by the taxing authority from a subsequent sale or other conversion of the property in excess of the accrued delinquent taxes, interest, penalties and costs.

The learned court below concluded that, since the Real Estate Tax Sale Law of 1947 terminates a tax delinquent's right of redemption after possession of his property has passed to the Tax Claim Bureau, his right to the excess proceeds from the Bureau's sale of the property likewise comes to an end correspondingly. The fallacy in the court's reasoning lies in the fact that neither the Act of 1947 nor the *Bernitsky* case makes the former owner's right to the excess proceeds from the Bureau's sale of his property dependent upon the contemporaneous existence of a right of redemption in him at the time of such sale. On the contrary, the rights and priorities of those entitled to the proceeds of a sale of property by the Tax Claim Bureau are specifically spelled out in the Act of 1947.

Section 304 provides that ". . . the bureau selling such property shall, through the county treasurer, pay out the proceeds arising from such sale in the order of their priority, first, the costs of sale and the proceedings upon which it is made; second, the tax liens

of the Commonwealth; third, taxes and costs due thereon; fourth, municipal claims and costs due thereon; and fifth, any balance remaining to whomsoever entitled thereto." The category last above stated is obviously broad enough to include the former owner. The provision was undoubtedly so intended, especially, in view of the prior law with respect to the right of the former owner to the excess—a right which the Act of 1947 evidences no intention to abolish. A taxing district's only legitimate interest in the proceeds derived from a conversion of property acquired by it for nonpayment of taxes is the satisfaction in full of all tax claims and municipal liens, etc., against the property, including interest, penalties and costs. It is not the policy of the law that a taxing authority shall obtain a windfall out of a delinquent taxpayer's property because of his financial difficulties.

By Act of May 6, 1955, P. L. 40, 72 PS §5860.304 Pkt. Part, the above-quoted provision of Section 304 of the Act of 1947, as amended, was further amended so that the "fifth" category imposed on a Tax Claim Bureau the duty of paying, through the county treasurer, "any balance remaining to the real owner at the time of sale", meaning, of course, the delinquent former owner. As the condemnation here involved occurred in 1953, it is clear that the law governing the distribution of the proceeds from the conversion of the property, while in the Bureau's hands, is the Act of 1947, amended by the Act of June 30, 1951, P. L. 991, in part not now material. The amendment of 1955 is, however, so plainly declaratory of existing law—merely making specific what theretofore was stated in general terms—that the Act of 1947 is to be interpreted in keeping with the intent imputed to it by the 1955 amendment. The present appellants are, there-

fore, entitled to the balance of the proceeds from the condemnation remaining after the payment of all tax claims, municipal liens and costs according to their priority as ordained by Section 304 of the Act of 1947, as amended.

The order of the court below is reversed and the record remanded for the entry of a decree of distribution in accordance with this opinion; costs on these appeals to be paid out of the fund for distribution.