**Parkman v. Brosman**

*William A. Meyer* and *Kountz, Fry & Meyer*, for plaintiffs.

*William L. Jacob* and *William L. Jacob, Jr.*, for defendants.

SMART, J., January 27, 1958.—This is an action in equity to set aside a sheriff's sale of real estate. Defendants filed preliminary objections in the nature of a demurrer to the complaint.

Plaintiffs allege the following facts. On June 7, 1955, one Martha Berg confessed judgment against plaintiffs herein at no. DSB 3089, July term, 1955. The judgment was for a real debt of $43,134 and was confessed on the bond accompanying a mortgage held by said Berg on premises of plaintiffs situate in Moon Township, Allegheny County. On December 31, 1955, the judgment was assigned to defendants in this action. A writ of fieri facias was issued at no. 521, July term, 1955. On September 22, 1955, at no. DSB 3089, July term, 1955, subsequent to the issuance of the writ of fieri facias, defendants herein presented a petition in this court for a rule on the United States of America and plaintiffs herein to show cause why the United States should not be made a party to that proceeding. Copies of this petition were served on the United States Attorney General by registered mail and on an Assistant United States Attorney here in Pittsburgh, personally. The United States took no action within 60 days from the date of service of the petition, and on December 22, 1955, the rule was made absolute and the United States was made a party defendant in said action, so that junior Federal tax liens against said property would be divested. Finally, on January 3, 1956, the property

was sold at sheriff's sale to defendants herein for $6,203.23. Plaintiffs ask that the sheriff's sale be declared null and void.

Plaintiff's rely on The Act of June 25, 1948, 62 Stat. 972, as amended, 28 U. S. C. A. §2410, which provides:

"(a) . . . for the protection of the United States, the United States *may* be named a party in any civil action or suit . . . in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. (Italics supplied.)

"(b) The complaint shall set forth with particularity the nature of the interest or lien of the United States. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney . . . and by sending copies of the process and complaint, by registered mail, to the Attorney General of the United States at Washington. . . . In such actions the United States may appear and answer, plead or demur within sixty days after such service. . . ."

Plaintiffs contend that the United States was not properly served and made a party to the execution proceedings and that if it had been properly served, a higher price could have been obtained at the sheriff's sale.

In our opinion it is not necessary to decide whether or not defendants herein followed the proper procedure under the statute above quoted. The provisions of this statute are for the protection of the United States only, not for the judgment debtor. Clearly, the only reason that the United States was brought onto the record was for the purpose of divesting its junior tax liens. Assuming that the proper procedure was not followed, the only party who could complain would be

the United States, and in such case the only result would be that the liens of the United States might not be divested. The statute does not make joinder of the United States mandatory in order to validate a sheriff's sale of real estate on which it has liens. If, then, defendants herein had not joined or attempted to join the United States as a party that would not affect the sheriff's sale. It follows then, a fortiori, that an abortive attempt by defendants to join the United States could have no effect on the sale.

In other words, the only question which arises by failure to join or properly join the United States as a party is whether the Federal tax liens are divested. Failure to comply with the statute above cited does not invalidate or render null and void a sheriff's sale of property on which there are Federal tax liens. There is absolutely no language in the statute which would justify such a construction or result.

It is quite apparent that plaintiffs' desire to have the sale set aside is based on their contention that a higher price could have been or could be obtained for the property. Under a well established line of cases, it has been settled that mere inadequacy of price is not sufficient to move the court to set aside a sheriff's sale. Accordingly, plaintiffs are not entitled to relief on this ground.

Lastly, it is well settled that after acknowledgment and delivery of a sheriff's deed the sale of the property described therein cannot be set aside except for fraud or want of authority to make the sale: Fenton v. Joki, 294 Pa. 309 (1928) ; Petrovich Appeal, 155 Pa. Superior Ct. 138 (1944). In the case at bar no fraud or lack of authority is alleged. Therefore, there is no basis upon which plaintiffs can have the sale set aside.

For the above reasons defendants' preliminary objections will be sustained and the complaint dismissed.

*Order*

The preliminary objections filed ex parte defendants are hereby sustained, and it is hereby ordered that the complaint is dismissed at the cost of plaintiffs.

Eo die exceptions noted to plaintiffs and bill sealed.