## Richards v. Schuylkill County

*Charles L. Frank*, for plaintiff.
*John H. Thomas*, for Schuylkill County.

PALMER, P. J., April 6, 1959.—Plaintiff, Maud Richards, executrix and substituted trustee under the last will and testament of Howard Richards, deceased, filed a complaint in assumpsit against defendant, County of Schuylkill, on March 31, 1958. On April 21, 1958, defendant filed preliminary objections to the complaint. The preliminary objections were overruled on July 21, 1958, and defendant was granted 20 days within which to file an answer. On August 7, 1958, defendant filed an answer and plaintiff filed a reply on October 1, 1958. Defendant then moved for judgment on the pleadings on October 17, 1958.

The facts in this case are not in dispute and the only question to be decided is a question of law, and therefore a motion for judgment on the pleadings is proper under section 1034*b* of the Pennsylvania Rules of Civil Procedure.

During his lifetime, Howard Richards became the owner of a tract of land, located in the third ward of

the City of Pottsville, which was assessed as 87 acres of coal land. This assessment, which covered both the surface and coal reserve, appeared on the assessment books of the third ward for many years. Taxes on the land thus assessed became delinquent for the year 1938, and have been delinquent every year thereafter to the present time.

On or about April 12, 1956, the Tax Claim Bureau of the County of Schuylkill sold at public sale 7.36 acres of the surface, which was a portion of the land assessed at 87 acres of coal land. This small tract of surface was sold for $8,300. At the time of the sale, the total amount of taxes due and owing upon the entire tract as assessed was $26,011.88.

Plaintiff now contends that the tax claim bureau, by segregating the 7.36 acres from the original tract, rendered it liable for the payment of only a pro rata share of the tax debt, or $477.08. There being no other liens of record against the tax claim, plaintiff is entitled to a refund of the balance of the proceeds of the sale.

The County of Schuylkill became the owner of the land by virtue of a treasurer's sale under the Act of May 29, 1931, P. L. 280, sec. 9, as amended by the Act of July 12, 1935, P. L. 661, sec. 1, the Act of July 19, 1935, P. L. 1321, sec. 1, the Act of June 20, 1939, P. L. 498, sec. 5, 72 PS §5971i. However, the County of Schuylkill elected to accept the provisions of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101 et seq. All provisions of this statute relating to lands heretofore acquired by the county at tax sales for delinquent taxes were duly and properly carried out by the county and prior to January 1, 1949, all such lands in possession of the county commissioners were duly transferred to the Tax Claim Bureau of the County of Schuylkill. Among such lands were the lands assessed in the third ward of the City

of Pottsville as 87 acres of coal land, the former owner being the estate of Howard Richards.

The Real Estate Tax Sale Law of 1947, supra, contains the following provision relating to the distribution of funds derived from sales of land for delinquent taxes (section 304, as amended June 30, 1951, P. L. 991, sec. 1, and May 6, 1955, P. L. 40, sec. 2, 72 PS §5860.304) :

"It is hereby made the duty of the bureau and of any other officer having claims or judgments for taxes and municipal claims for collection against any property, advertised to be sold at public sale under the provisions of this act, to give notice to the officer or person selling any such property of the amount of tax liens of the Commonwealth, and of the amount of all taxes and municipal claims against the same, and the bureau selling such property shall, through the county treasurer, pay out the proceeds arising from such sale in the order of their priority, first, the costs of sale and the proceedings upon which it is made; second, the tax liens of the Commonwealth; third, taxes and municipal claims and costs due thereon; and fourth, lien holders in the order of their priority; and fifth, any balance remaining to the real owner at the time of sale."

Defendant contends that the 87-acre tract having been acquired by the county by treasurer's sale under the provisions of the prior acts, the above provision relating to the distribution of proceeds from the sale does not apply, as under the prior acts of assembly, all the proceeds passed to the taxing bodies.

The county having accepted in their entirety the provisions of the Real Estate Tax Sale Law of 1947, supra, as required by that act, it remains and becomes the sole statutory authority governing the sale of lands by the county for delinquent taxes: Bernitsky v. Schuylkill County, 381 Pa. 128. Section 304, supra,

is the only provision in the Real Estate Tax Sale Law of 1947 providing for distribution of proceeds derived from tax sales and therefore applies in all cases where land is sold by the tax claim bureau whether the same be acquired under the Act of 1947 or prior thereto.

Section 301 of the Act of 1947, supra, 72 PS §5860.301, provides that all taxes levied by any taxing district shall be a first lien and have priority over all liens and claims other than tax liens in favor of the Commonwealth. The taxes due upon the land assessed in the name of Howard Richard estate were based upon an assessment of a single tract which at the time of the public sale amounted to $26,011.88. By virtue of the provisions of the Act of 1947, sec. 302, supra, this sum was reduced to a lien upon the entire tract.

Upon a public sale of all or any part of this tract, the proceeds of the sale are to be distributed in accordance with the provisions of section 304 of the Act of 1947, supra. Where the land sold is a portion of one assessment subject to a single tax lien, it is apparent that the county has no authority to prorate funds to the various lien holders and the former owner. The language of the statute is clear. First, the payment of all costs; second, payment of Commonwealth liens; third, the tax liens; fourth, the liens in order of priority; and finally, if any sum remains, to the former owner. If there were Commonwealth liens or mortgage and judgment liens upon the property, the county certainly would have no authority to prorate sums due to creditors in these classifications. They would by necessity be paid in full in their proper order under the act. It would not be in accordance with the intent or purpose of the act to decree that the county alone of all creditors be required to prorate funds derived from a sale. The sole duty of the county commissioners is to apply the entire sum derived from the public sale, or $8,300, toward the tax lien existing upon the

83 acres of coal land, or the portion remaining therefrom. See City v. McGonigle, 4 Phila. 351.

And now, April 6, 1959, judgment is directed to be entered in favor of defendant, the County of Schuylkill, and the claim of plaintiff is hereby denied.

And now, April 6, 1959, upon motion of Charles L. Frank, Esq., attorney for plaintiff, an exception is allowed.