Commonwealth of Pennsylvania, State Game Commission, Appellant, *v.* Tax Claim Bureau of Schuylkill County, Appellee.

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Fred C. Pace,* with him *Noonan, Pace & Noone,* for appellant.

*Charles L. Frank,* Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, January 13, 1975:

Three cases, each involving a separate tract of barren land in Schuylkill County, are consolidated here for our disposition. The facts differ only as to the size of the tracts and the dates of some of the initial proceedings. The legal issue involved is identical in each case: In counties which have adopted the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 et seq., must the Tax Claim Bureau, established by that Act, sell land to the State Game Commission at the price bid by the Commission, under the Act of April 21, 1915, P.L. 140, *as amended,* 32 P.S. §§163 and 164? We agree with the court below and hold that the appellee is not required to comply with the 1915 Act.

All the land in question here had been obtained and was held by the Schuylkill County Commissioners prior to 1947 for non-payment of taxes. When the Act of 1947 was passed, it became operative in Schuylkill County by its own terms when the County took no action to reject it. In accordance with that Act, the land was transferred to the newly created Tax Claim Bureau. In December 1971, and January 1972, the Tax Claim Bureau petitioned the Schuylkill County Court of Common Pleas for permission to sell the land at public sale, free and clear of all claims, liens, etc., in accordance with the Act of 1947. The court below so ordered and scheduled public sales in April 1972. Shortly before the dates of the sales, appellant petitioned

the court to stay the sales and to compel conveyance of the land to the Game Commission pursuant to the Act of 1915. On November 2, 1972, hearings were held and on February 11, 1974, in two opinions covering all three tracts of land, the court dismissed appellant's petition and ordered that the land be sold at public sale.

Section 1 of the Act of 1915, 32 P.S. §163, upon which appellant relies, provides, in pertinent part:

> "When county commissioners shall have received from the county treasurer a conveyance of lands which shall have been advertised and sold for unpaid taxes, in accordance with the several acts of Assembly relating to the sale and conveyance of lands for taxes, the said commissioners are hereby directed, after the period for redemption of said lands shall have expired, to offer said lands to the Department of Forests and Waters and the Board of Game Commissioners, for acceptance or rejection by said department or commission, for forestry or game purposes, when required so to do by the Department of Forests and Waters or the Board of Game Commissioners. . . ."

Appellant had informed appellee that it wanted to purchase the land under the authority of the above quoted law for $15.00 an acre, which offer was rejected by appellee. Appellant asserts that the Act of 1915 is not inconsistent with the Act of 1947, and that the Act of 1947 does not apply to sales to the Game Commission. Appellee claims that the general repealer of the 1947 Act, 72 P.S. §5860.802, repeals the 1915 Act, because the 1915 Act is inconsistent with the power and authority granted to the Tax Claim Bureau by Sections 702 and 703 of the Act of 1947, 72 P.S. §5860.702 and §5860.703 (Supp. 1974-1975). We agree with the court below that the Act of 1915 is inconsistent with the 1947 Act and is no longer applicable in those counties which have adopted the Act of 1947, for the reasons stated in the following portion of Judge Heffner's able opinion below:

18

"There are too many inconsistencies between the Act of 1915 and the Act of 1947 for these Acts to be reconciled. For example, the Act of 1915, as quoted above, imposes a duty upon the County Commissioners to convey property to the Game Commission. However, here the County Commissioners have no title to the said lands because the Commissioners delivered the deeds to the Tax Claim Bureau and title no longer remained in the County Commissioners. Bernitsky v. the County of Schuylkill, [381 Pa. 128, 112 A.2d 120 (1955)].

"Furthermore, the Act of 1915, Section 2, P.S. Section 164 limits the consideration to be paid by the Game Commission to all taxes levied for a period not to exceed five years together with interest and costs due to date of conveyance. The consideration set forth in Section 605 of the Act of 1947, is the upset price and directs that no sale of property shall be made by the Bureau unless a bid equal to said upset price is made and includes as part of the upset price the amount of all accrued taxes including taxes levied for the current year. Consequently, the Tax Claim Bureau would not be authorized or even permitted under that section to sell the said lands to the Pennsylvania Game Commission. We are mindful that Section 703 of the Act of 1947 provides for a public sale without specifying the upset price, but this section has no application to the facts of the instant case because the Game Commission bid was not made thereunder. We hold the duties of disposing of lands for the collection of delinquent taxes imposed on the Tax Claim Bureau by the Act of 1947 cannot be reconciled with the provisions of the Act of 1915 relied upon by the Game Commission. Section 66 of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. 566, repealed, but re-enacted by the Act of 1970, P.L. 707, No. 230, added 1972, Dec. 6, P.L. .., No. 290, Section 3, 1 Pa. S. 1936, provides as follows:

'Whenever the provisions of two or more laws passed at different sessions of the Legislature are

irreconcilable the law latest in date of the final enactment shall prevail.'

"Since it is our determination that the Act of 1915 has no application in these cases, we must examine the provisions of the Act of 1947 to determine if the Pennsylvania Game Commission has any right to the relief requested by it in its petition.

"We find nothing in the provisions of the Real Estate Tax Sale Law permitting, authorizing or directing the Tax Claim Bureau, which is the Trustee and Agent for the Taxing Districts, to convey land to the Pennsylvania Game Commission, upon its request. The powers and duties of the Tax Claim Bureau with respect to properties acquired by it from the County Commissioners are specified in detail in Article 7, Sections 702 and 703; 72 P.S. 5860.702 and 5860.703, of said Act. This Act sets forth a complete statutory scheme and method for the management and disposition of properties by the Tax Claim Bureau to enforce the collection of delinquent real estate taxes. For us to adopt the position of the petitioner, the Pennsylvania Game Commission, would, in effect, repeal the Act of 1947. The petition of the Pennsylvania Game Commission to stay the sale in these cases must be dismissed."

For the reasons stated above, we affirm the two opinions of the court below, both dated February 11, 1974, and remand the record to that court for the purpose of setting a date for the public sale.