Alfred O. Breinig, Appellant, v. North Penn School District, Appellee.

Argued April 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alfred O. Breinig, Jr.*, for appellant.

*Rosemary M. Flannery*, with her *Raymond Pearlstine* and, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity*, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, May 30, 1975:

Pursuant to section 702 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.702, appellant, Alfred O. Breinig, negotiated the purchase by private sale of certain properties held by the Tax Claim Bureau of Montgomery County (Bureau). The North Penn School District, appellee, having been given notice of the proposed sale by the Bureau, petitioned the lower court to disapprove the proposed sale, asserting its right to do so under section 613 of the Act, 72 P.S. §5860.613 (Supp. 1974-1975). The lower court sustained the school district's petition and ordered that the property be sold at a public sale; hence this appeal.

The Real Estate Tax Sale Law embodies a comprehensive plan designed to provide a mechanism for and to facilitate the collection, through sale if necessary, of delinquent real estate taxes owed to the various taxing districts within a county. Section 201 of the Act, 72 P.S. §5860.201 (Supp. 1974-1975), creates a tax claim bureau in each of the enumerated classes of counties, of which Montgomery County is one. Inferentially, the Act establishes two classifications of properties subject to management by the bureau. Its responsibilities, the interests of the taxing districts and the owner or former owner of the property vary according to the class of property involved.

The first class encompasses all property returned to the bureau after its creation, against which there are delinquent taxes for the preceding calendar year. As to

this class, upon sale of the property by the bureau to recoup delinquent taxes, the proceeds are distributed as provided by section 205 of the Act, 72 P.S. §5860.205 (Supp. 1974-1975). As here relevant, in the event that the sale price is in excess of the upset price,[1] this section provides that "the balance remaining shall be paid to the owner of the property sold."

The second class of property—and the class with which we are here concerned—encompasses property acquired by the county or another taxing district through the purchase thereof at a tax sale prior to the effective date of the Act and turned over to the bureau thereafter as mandated by section 701 of the Act, 72 P.S. §5860.701. This class of property is sometimes refered to as "inventory" property in the hands of the bureau. With respect to this class of property, section 702 of the Act, 72 P.S. §5860.702, in relevant part, provides:

"[T]he bureau shall manage and control the property for the trustee county with power . . . (h) to sell the property at private sale . . . and to make deeds for such property when sold in the manner provided by and subject to the provisions of sections 613, 614 and 615 *in so far as they may be applicable.*" (Emphasis added.)

Section 702 does not address itself to the distribution of the proceeds of a private sale of this class of property

---

1. Section 605 of the Act, 72 P. S. § 5860.605, defines upset price as "the sum of (a) the tax liens of the Commonwealth, (b) the amount of the claim absolute and interest thereon on which the sale is being held, (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale, (d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts, (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale."

nor do sections 613, 614 or 615 to which section 702 private sales are subject "in so far as they may be applicable." However, section 304 of the Act, 72 P.S. §5860.304 (Supp. 1974-1975), does provide that after payment of costs, tax liens and claims and other liens, any balance remaining shall be paid to "the real owner at the time of sale." Without discussing the meaning of "owner" as to this class of property as defined in section 102 of the Act and recognized in section 205, to be the county as trustee for all taxing districts, the Supreme Court in *Fayette County Commissioners' Petition*, 386 Pa. 382, 387, 126 A.2d 737, 740 (1956), has interpreted "the real owner at the time of sale" to mean the delinquent *former* owner. Hence, as to this class of property, any balance remaining after satisfaction of all claims is to be distributed to the former owner, as is the case with respect to distribution of such excess to the delinquent owner in the first class of properties.

Keeping in mind these statutory provisions and the fact that the private sale in this case negotiated by appellant with the Bureau for a consideration which will fully satisfy the school district tax claims, we consider the issues raised on appeal.

Appellant first contends that the particular provision of section 613 allowing a taxing district to object to a private sale of the first class of properties is not "applicable" to a private sale of the class of property here involved, i.e., this provision is not incorporated by reference into section 702.

We disagree. In authorizing a taxing district to object to a private sale of the first class of property if its claims against the property would not be satisfied by any such sale, the legislature intended no less as to private sales under section 702 dealing with the second class of property. The underlying and more difficult issue, being the second one raised by appellant, is whether such a right to object to a private sale is available to a taxing district in any case where its claims in the property would be

fully satisfied out of the proceeds of such private sale regardless of whether it is a private sale of property of the first class or the second class. Appellant frames this issue as a want of any substantive right in a taxing district to object under such circumstances.

Interpretation of section 613, 72 P.S. §5860.613 (Supp. 1974-1975), is crucial to the resolution of this issue, and it provides, in pertinent part:

> "(a) At any time after any property has been exposed to public sale and [at] such sale is not sold because no bid was made equal to the upset price . . . the bureau may . . . agree to sell the property at private sale. . . . The corporate authorities of any taxing district . . . may, *if not satisfied that the sale price . . . is sufficient,* within fifteen (15) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale."

(Emphasis added.)

The appellant contends that the phrase "if not satisfied that the sale price . . . is sufficient" must be interpreted to mean that when the private sale consideration will fully satisfy a taxing district's claims, the sale price is sufficient as a matter of law and a taxing authority cannot object to the price.

On the contrary, the appellee argues, and the lower court concluded, that whether the upset sale price is met is not determinate of the sufficiency of the sale price, and accordingly, the taxing district can challenge the proposed sale. We disagree and reverse.

The record discloses in the instant case that the appellee, itself, wants to bid on the property in order to acquire it at public sale for the expansion of school facilities. Such an acquisition, it is said, would be less expensive than if the district had to proceed through condemnation proceedings to acquire this property at a later time.

Within this context we point out that the Act only permits a taxing district to object to the sale if the sale

price is not sufficient. Accordingly, any other purpose or motive that the school district might have as to acquiring the property for its own purposes is immaterial and cannot be the basis for a petition for the disapproval of the private sale.

The import of a purchaser at private sale meeting the upset price for the property, whether it be of the first or second class, impels us to conclude that a taxing district has no standing to invoke its right to object under section 613 for the reason that as to any such taxing district, the purchase price is necessarily "sufficient." As previously noted, any excess monies above the upset price must be awarded to the owner as to the first class of property (section 205), or to the delinquent former owner as to the second class of property (section 304, *Fayette, supra*).

As the lower court correctly pointed out, there is a decided dearth of decisions interpreting this complex statute. *Tremont Township School District Appeal*, 366 Pa. 404, 77 A.2d 403 (1951), which appellee agrees does not address itself to the issues here raised, does stand for the general proposition that a tax claim bureau has an obligation to obtain the best possible price for any property it sells. We believe, however, the Supreme Court in *Fayette, supra*, more directly speaks to the issue here before us in stating "[a] taxing district's only legitimate interest in the proceeds . . . is the satisfaction in full of all tax claims." 386 Pa. at 387, 126 A.2d at 740. Applying this general principle to the issue here raised, we conclude that appellee had no right or standing pursuant to section 613 to object to the private sale here in question for want of a legitimate interest in any sum that might be realized at public sale in excess of the consideration agreed upon for the private sale in this case.

The order of the lower court is reversed, and the objection proceedings initiated by the appellee school district are set aside.