In re EAST WEST ENTERPRISES, INC., Debtor.

SCHUYLKILL COUNTY TAX CLAIM BUREAU, Movant,

v.

EAST WEST ENTERPRISES, INC., Respondent.

Bankruptcy No. 5–93–01848.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Dec. 17, 1993.

Randall W. Turano, Stroudsburg, PA, for debtor/respondent.

Mary Kay Bernosky, Pottsville, PA, for movant.

### INTERIM ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On December 6, 1993 this Court took testimony relative to a Motion for Relief from Automatic Stay filed by the Schuylkill County Tax Claim Bureau.

At that time, it was agreed by the parties that this Court should make a preliminary determination as to whether the Debtor had an equitable interest in the subject property despite the exposure of that property to a public Upset Sale prior to the bankruptcy.

The parties agreed that should the Debtor have no equitable interest, then a judicial sale scheduled for December 20, 1993 should take place as scheduled.

The Court has considered the testimony and the authorities as furnished by counsel and concludes that although the right to redemption by the pre-petition Debtor may have been destroyed pursuant to *72 P.S. § 5860.618*, the Debtor nevertheless retains a valuable interest in the form of a "right to excess" identified by the cases of *In re Universal Minerals, Inc.*, 17 B.R. 265 (Bkrtcy. W.D.Pa.1982) and *County Commissioners of Fayette County*, 386 Pa. 382, 126 A.2d 737 (1956).

This "right to excess" is more specifically found in *72 P.S. § 5860.205* wherein the tax claim bureau, after paying various municipal and lien obligations, is directed to distribute all remaining monies collected "... to the owner of the property". The owner has been identified to mean "the delinquent former owner". *Breinig v. North Penn School District*, 19 Pa.Cmwlth. 377, 379, 339 A.2d 617, 619 (1975). "A taxing district's only legitimate interest in the proceeds derived from a conversion of property acquired by it for non-payment of taxes is a satisfaction in full of all tax claims and municipal liens, etc. against a property including interest, penalties and costs. It is not the policy of the law that a taxing authority shall obtain a windfall from a delinquent taxpayers property because of his financial difficulties." *County Commissioners of Fayette County*, supra 386 Pa. at p. 386, 126 A.2d 737.

Accordingly, it is this Court's conclusion that the Debtor retains a valuable interest over and above its pure legal interest. That interest is an equitable interest in at least the right to the excess proceeds and is clearly within the definition of property of the estate as defined by Section 541 of the Bankruptcy Code.

Therefore, the automatic stay is continued pending the transcription of the record, the submission of briefs and the final decision of this Court relative to the Movant's Motion for Relief from Automatic Stay.

Movant is given twenty (20) days from the date of filing of the transcript to submit further briefs. Respondent is granted twenty (20) additional days to file a responsive brief.